Chambers v. Fisk.

### THOMAS J. CHAMBERS v. JOSIAH FISK AND OTHERS.

On a motion by appellant to docket a cause after the day set for taking up causes from that District, the Court will hear counter affidavits on the part of the appellee.

This motion (to docket a cause after the day set for taking up causes from that District) having been made so promptly, and before a judgment had been asked upon the certificate, (filed under the statute, to obtain an affirmance without reference to the merits,) it cannot be seen that the lapse of a few days will operate materially to the prejudice of appellees.

The affidavit shows a strong excuse, for what the Court cannot sanction as correct practice, to wit: taking the papers beyond the reach of the Clerk, even with his assent, without the consent of the opposite party.

Where the facts showed that appellant had been actuated by a *bona fide* intention of bringing the cause into this Court without delay; that but a few days' delay had occurred; and that appellee's rights had not suffered from it, a motion to docket after the day set for taking up causes from that District was sustained, although the delay was caused in part by appellant's own fault.

Motion by appellant for leave to docket appeal from Williamson, and file the transcript. The facts appear from the Opinion.

*Chambers*, for appellant.

*Hamilton*, for appellees.

ROBERTS, J.   No application having been made to contest the verity of the transcript, and the suggestions on both sides having been heard, we will proceed to consider the motion.   By the fifth Section of the Act of 1850, it is made the duty of appellant in this case to have filed the transcript on or before the first day of the time during this Term, that was designated for the trial of causes from the Sixteenth District ; which was on the      day of November, 1857.   (Hart. Dig. Art. 2937.)   The eighth Section of the same Act provides that the Court may permit the transcript to be filed, either before or after judgment has been rendered upon a certificate in such case, provided the appellant shall show good cause why the transcript was not filed in due time.    (Hart. Dig. 2939 and 2938.)

The object of the statute is to enable the Court to relieve any one, who, by accident, mistake or misfortune, has failed to file the transcript.   But in administering this relief, it is the duty of the Court to see, so far as it is practicable, that it shall result in no injury to the appellees.   This motion having been made so promptly, and before a judgment had been asked upon the certificate, it cannot be seen that the lapse of a few days will operate materially to the prejudice of appellees.   The appellant's affidavit shows that the delay was caused in part by his own fault, in taking possession of documents and papers that were offered in evidence, and carrying them out of the reach of the Clerk, without the consent of the opposite party.   Such a practice we cannot sanction, however laudable the motives may have been for doing so.   Therefore we took the precautionary step, a few days since, of permitting the verity of the record to be contested, if it were desired, so as to retain it in our power to exclude the possibility of any injury resulting to the appellees from such a practice.   The Court was admonished of the propriety of such a course, while they had the whole subject under their control, by the embarrassing questions presented and determined in the case of Harris v. Hopson, 5 Tex. R. 529.

Being now satisfied no injury will be sustained by the appellees from this source, and not being able to see in what other respect appellees could be prejudiced by this motion being granted, we must next turn our attention to the consideration of the question of whether or not the appellant has shown good cause for having failed to make a strict compliance with his duty under the statute, when such failure has worked no appreciable injury upon the appellees.

The affidavit shows a strong excuse, for what this Court cannot sanction as correct practice, to wit, taking the papers beyond the reach of the Clerk, even with his assent, without the consent of the opposite party. The Clerk told him that he did not think he could have the Spanish documents correctly transcribed, and that they were taken by appellant for the purpose of translating and printing them to facilitate the progress of the cause ; that he has had them translated and printed at great expense ; that his design has failed, by the mistake of himself through his attorney as to the time when the District would be called in this Court ; and that upon finding himself too late he has exhibited great promptness in procuring the transcript to be made out and filed in this Court.

All these facts show that appellant has been actuated by a *bona fide* intention of bringing the cause into this Court without delay ; that but a few days' delay have occurred ; and that appellees' rights have not suffered from it.

We therefore think the motion should be sustained.

Motion sustained.