## W. K. HAMBLIN V. THOMAS B. KNIGHT.

### No. 7672.

1. **Attack on Judgment Without Citation.** — One against whom a judgment has been rendered without notice may obtain relief from it by injunction notwithstanding it may appear from an official return or by the recitals in the final judgment that he had been duly served with citation, or that he had voluntarily appeared either in person or by attorney. Such relief will not be administered where the party has an adequate remedy at law, nor as a general rule when he has an opportunity to make a motion for a new trial at the term at which the judgment was rendered.

2. **Injunction Filed During Term to Set Aside Judgment.**—By the decisions of this court, when it is admitted that the term of the court at which the judgment attacked for alleged want of service of citation was rendered had not adjourned when the original petition for injunction was filed, the court did not err in charging the jury to find for the defendant upon the final trial of the injunction suit.

APPEAL from Milam.   Tried below before Hon. John N. Henderson. The opinion states the case.

*X. B. Saunders,* for appellant.—1.   Where there is clearly no evidence adduced by a plaintiff in support of the allegations of his petition it might be proper for the court to instruct the jury that such was the case and to return a verdict for the defendant; but when, as in this case, the cause had been tried on its merits before the jury for several days, and the plaintiff had supported his suit with a vast amount of incontrovertible evidence, and the court had permitted defendant's counsel to fully argue the case to the jury, it is error of the grossest character for the court not only to charge on the weight of evidence but to withdraw from the jury entirely the consideration of the evidence, to deny plaintiff's leading counsel the privilege of addressing the jury in closing the case, and to instruct them what verdict to return. Whether there is any evidence is a question for the court; what is the force or effect of the evidence is a question alone to be decided by the jury.   Reynolds v. Williams, 1 Texas, 313; Rogers v. Broadnax, 24 Texas, 543; Thomas v. Ingram, 20 Texas, 728; Gay v. McGuffin, 9 Texas, 502; Austin v. Talk, 20 Texas, 164; Andrews v. Smithwick, 20 Texas, 118; Steagall v. McKellar, 20 Texas, 268; Chandler v. Fulton, 10 Texas, 21; Lea v. Hernandez, 10 Texas, 137; Parker v. Leman, 10 Texas, 116; Railway v. Murphy, 46 Texas, 356; Wintz v. Morrison, 17 Texas, 372.

2.   No court has jurisdiction to render judgment against a defendant in any civil suit in this State unless he has been duly and legally cited to appear and answer the same, or unless he waives service of citation by voluntarily appearing without service, in person or by authorized attorney; and any judgment rendered against a defendant in any civil case without having obtained jurisdiction of his person in some one of the methods authorized by law is absolutely void; and its operation may be restrained by injunction at any time before its enforcement by execution, and may be vacated or annulled by a sufficient showing of merit on a trial under the bill of injunction.   Witt v. Kaufman, 25 Texas Supp., 386; Witt v. Miller, 25 Texas Supp., 386; Edrington v. Allsbrooks, 21 Texas, 186; Chambers v. Bridge Co., 17 Kan., 270; McNeil v. Edey, 24 Kan., 108; Ridgeway v. Bank, 11 Humph., 523, and authorities cited; Jeffrey v. Finck, 46 Conn., 601; Ingle v. McCurry, 1 Heisk., 26; Stubbs v. Leavitt, 30 Ala., 352; Ryan v. Boyd, 33 Ark., 778; Martin v. Parsons, 49 Cal., 95; Williams v. Williams, 57 Ind., 500; Tyler v. Walker, 1 Heisk., 734; Wilson v. Montgomery, 14 S. & M., 205; Bank v. Eldridge, 28 Conn., 556; Newcomb v. Dewey, 27 Iowa, 381; Bell v. Williams, 1 Head, 229; Stowe v. King, 31 Iowa, 582; Owens v. Ranstead, 22 Ill., 161; Harsley v. Blackman, 20 Iowa, 1.

*Bassett, Seay & Muse,* and *Ralston & Muse,* for appellee.— 1. The evidence offered to impeach the sheriff's return and the authority of the attorney to plead for the appellant was insufficient to require the submission of that issue to the jury. Gatlin v. Dibbrell, 74 Texas, 36–38.

2. The plaintiff having failed to show that the defendant was connected with the alleged false return, etc., equity will not relieve him, but he must seek redress at law to set aside the judgment; and failing that, he must seek his remedy against the officer. As between the parties to the suit, in the absence of fraud, the officer's return is conclusive. Randall v. Collins, 58 Texas, 232, 233; Hamblen v. Knight, 60 Texas, 37–40; Schneider & Davis v. Ferguson, 77 Texas, 575; Walker v. Robbins, 14 How., 584; Thomas v. Ireland, 11 S.W. Rep., 653, 654; Taylor v. Lewis, 2 J. J. Monroe (Ky.), 400; Johnson v. Jones, 2 Neb., 126–133.

3. The plaintiff's right to enjoin, if it ever existed, was lost by his failure to make Adams a party to the suit until after the bar of the statute was complete. Vardeman v. Edwards, 21 Texas, 743.

4. The fact that the plaintiff had a plain and adequate remedy at law by motion for new trial and appeal is a complete bar to the interposition of a court of equity by injunction. Railway v. Ware, 74 Texas, 47–49; Vardeman v. Edwards, 21 Texas, 740, 741; Bryorly v. Clark, 48 Texas, 345; High on Injunc., secs. 28, 30, 38, 89, 228, 230.

5. Much confusion has arisen from the indiscriminate use of the terms "void" and "voidable." It is a misuse of terms to speak of a judgment as being void for fraud or other matter in pais, where the court had jurisdiction of the subject matter, and where the record shows jurisdiction of the person. Fraud in the procuring of a judgment does not render it absolutely void, but voidable only. It is but the legal ground upon which, if relief is sought in the proper manner and within the proper time, the judgment may be avoided when otherwise it would remain in full force and effect. Fleming v. Seeligson, 57 Texas, 524–531; Murchison v. White, 54 Texas, 78, 81–85; McAnear v. Epperson, 54 Texas, 223, 224; Lawler v. White, 27 Texas, 251–254; Freem. on Judg., secs. 116, 497, 485.

6. As was said by this court per Gaines, Judge, in Railway v. Ware, 74 Texas, 49, speaking of judgments rendered on citations and returns which the court held to be void, and which the defendant sought to enjoin on that ground, "we are of opinion that the general rule of equity should apply, and that if the defendant in the void judgment has had an opportunity to avail himself of a legal remedy to vacate it and has neglected to make use of it, relief by injunction should be denied him."

HENRY, Associate Justice.—This suit was brought by the appellant to enjoin the collection of a judgment for money which was rendered against him in the District Court of Milam County on the 6th day of January, 1874.

The material facts appear in the report of the cause on a former appeal, except that on the trial from which the present appeal was taken it was agreed that the term of the District Court at which the judgment complained of was rendered was still in session when the petition for injunction was filed.

The ground, in addition to a meritorious defense, upon which it was sought to enjoin the collection of the judgment was that the court that rendered it had not acquired jurisdiction over Hamblin, because he had never been served with citation nor voluntarily appeared, notwithstanding the sheriff had returned a citation for him as duly served and an attorney had filed an answer for him. He charged that the return of the officer was untrue, and that the appearance of the attorney who filed the answer was without his knowledge or consent.

The petition for injunction charged, and it was proved at the trial, that Hamblin did not live in Milam County, and did not know that a judgment had been rendered against him until after more than two days had expired from the date of its rendition.

In the view taken by us of the cause the only question that it becomes necessary to consider is, Was the proceeding by a suit for an injunction proper when the remedy by a motion for a new trial was still open?

The question was decided by this court in the case of Bryorly v. Clark, 48 Texas, 345. In that case, as in this, a petition for an injunction against the enforcement of a judgment was resorted to during the term of the court at which the judgment was rendered, and after the expiration of more than two days from its date.

In the opinion it is said: "The petition was defective, for it does not attempt to show any excuse for not making a motion for new trial embodying in it the same matter, unless, indeed, such excuse is to be found in the fact that a motion for new trial, setting up only a part of the same matters imperfectly, and unsupported save by the affidavit of the party, had in fact been made and overruled. The judgments of the court are under its control during the term, and a second motion for a new trial may be allowed. It is true, as contended by appellant, that equity may grant a new trial after a motion for a new trial has been overruled. But when the more direct remedy of a second or amended motion is equally available there is no excuse for resorting to the circuitous remedy of a separate suit. The petition, as a petition for a new trial, fails to show a sufficient excuse for not having made the same showing by motion."

The correctness and applicability of this opinion was recognized by this court in the opinion rendered on the first appeal of this cause. 60 Texas, 40.

The petition for an injunction filed in this cause is substantially a suit for a new trial.

One against whom a judgment has been rendered without notice may no doubt obtain relief from it by injunction, notwithstanding it may appear from an official return or by the recitals in the final judgment that he had been duly served with citation or that he had voluntarily appeared either in person or by an attorney. Such relief by injunction will not be administered when the party has an adequate remedy at law, nor as a general rule when he has an opportunity to make a motion for a new trial at the term at which the judgment was rendered. In every case where such relief is sought by injunction it should be done without delay, or if from any cause delay exists it should be accounted for and excused, in addition to which it must be shown that the party has a meritorious defense to the action. If relief against such a judgment is sought during the continuance of the term at which it is rendered, and there exist any circumstances making an application for a new trial an insufficient or less effective remedy than a separate suit would afford the party, upon alleging such facts he should be allowed to proceed by a separate suit and apply for an injunction instead of being confined to a motion for a new trial.

In this case nothing was alleged by the plaintiff tending to show that his remedy by a motion for a new trial was not adequate. His petition excused his omission to seek that remedy by alleging that the term of the court had adjourned before he could apply for relief, after being informed that the judgment had been rendered. If he had proved that allegation this suit would have been proper.

We feel constrained, however, by the decisions of this court to hold that when it was admitted that the term of the court at which the judgment was rendered had not adjourned when the original petition was filed the court did not err by charging the jury to find for the defendant.

The judgment is affirmed.

*Affirmed.*

Delivered June 12, 1891.