The Western Union Telegraph Company v. Ely Walker.

No. 39.

**Excuse for Not Filing Transcript—Case in Judgment.**

It is a general rule, that fault or negligence of counsel is deemed that of
the client, and will not furnish sufficient ground for relief unless the
adverse party be in some way connected with or party to it. This
rule is not applicable to a case where appellant, a nonresident corpora-
tion, upon being sued employed counsel to defend. In the District
Court, judgment was rendered against the appellant. The employed
counsel prepared the case for appeal, perfected it, and obtained the
transcript in ample time. From some cause, the counsel employed be-
lieved that their services were not wanted in the further conduct of
the case. They never informed their client that they had ceased to
represent it. The transcript was not filed, and appellee filed a motion
to affirm on certificate. This fact reaching the general office of ap-
pellant, other lawyers were retained. The motion to affirm was resisted,
and motion for leave to file transcript, setting out the facts, was urged.
It appearing that appellant was not in fault, the Court of Appeals
should have allowed the transcript to be filed...................... 73

On Certificate of Dissent from Court of Civil Appeals for First
District, in an appeal from Tyler County.

STAYTON, Chief Justice.—This cause comes before us upon certifi-
cate of dissent, and presents facts substantially as follows: Ely Walker
brought an action against the Western Union Telegraph Company, a non-
resident corporation, to recover damages for failure to deliver a message,
and secured a judgment.

The corporation employed counsel to represent it until the final termi-
nation of the cause, and paid the fee demanded, and counsel thus em-
ployed tried the same in the District Court, perfected appeal from the
judgment, and received the transcript in time to have it filed in the Court
of Civil Appeals within the time prescribed by law, but failed to do so;
whereupon the plaintiff asked affirmance of the judgment on certificate,
when the corporation, having employed other counsel, obtained the trans-
cript and asked leave to file it, which the court refused, and thereupon
affirmed the judgment on certificate.

The application to file the transcript shows with all reasonable certainty
that counsel employed by the corporation were never discharged, and
that its officers did not know that they were not prosecuting this appeal un-
til after the certificate for affirmance was filed; but it further shows, that
counsel believed that their services were no longer desired in the cause,
and for this reason ceased to represent the corporation; but there is noth-
ing in the correspondence between client and attorney which, to us, seems
sufficient to show intention on the part of the corporation to dismiss

counsel in the cause or to justify the belief that its officers knew that counsel had, in effect, withdrawn.

Under this state of facts, the majority of the Court of Civil Appeals held that no sufficient reason was shown for the failure to file the transcript, while the dissenting judge held to the contrary.

The general rule is, that fault or negligence of counsel is deemed that of the client, and will not furnish sufficient ground for relief, unless the adverse party be in some way connected with or party to it; but it seems to us that this rule should not be enforced in cases like the present, and that all courts, while the matter is in fieri, should protect a litigant from injury that might result from such mistake of fact as counsel for appellant were evidently laboring under, and especially so when no legal injury could result to the adverse party from such a course.

If the judgment had been affirmed on certificate without resistance or effort to file the transcript, and appellant was seeking to set that judgment aside on the grounds now urged, a stronger case would be presented for the application of the rule on which the court doubtless acted; but even in that case we are of opinion, that under the statute permitting such judgments to be set aside, the facts shown would have authorized the court to set aside the judgment of affirmance on certificate.

As said in Chambers v. Fisk, 20 Texas, 343, " The object of the statute is to enable the court to relieve any one who, by accident, mistake, or misfortune, has failed to file the transcript. But in administering this relief, it is the duty of the court to see, so far as practicable, that it shall result in no injury to the appellees. This motion having been made so promptly, and before a judgment had been asked upon the certificate, it can not be seen that the lapse of a few days will operate materially to the prejudice of appellee.   *   *   *   Appellant has been actuated by a bona fide intention of bringing the cause into this court without delay; that but a few days delay have occurred, and that appellee's rights have not suffered by it." And it was held that leave to file the transcript should have been given, although the failure to file it within the time prescribed by statute was caused "by the mistake of himself, through his attorney, as to the time when the district would be called in this court."

The judgment of the Court of Civil Appeals affirming the judgment on certificate should be set aside, and appellant be permitted to file its transcript, after which the cause on appeal should be heard and decided on its merits; and this opinion will be certified to the Court of Civil Appeals for observance.