JOSEPH MORRIS, Appellant, v. NANCY C. PARRY.

Division One, March 31, 1909.

ESTABLISHING LOST DEED: Useless Suit: Dower. Equity does not require useless things to be done, and ought not to do them. Where plaintiff brings suit to establish a lost or destroyed deed, and alleges that if said deed is re-established it will show that defendant has no dower in the land which she asserts, and the facts show that her husband never owned an estate of inheritance in the land and in consequence that she has no dower and would have none even if the deed were re-established, a judgment of the trial court adjudging the plaintiff "take nothing by his bill" will not be disturbed. Especially should that be the ruling where the record discloses that there is a suit pending between the same parties for the assignment of dower to defendant in the same land, and that suit, when disposed of in accordance with another decision of this court in which upon the same facts it was held she had no dower, will settle the rights of the parties in the subject-matter of this litigation.

Appeal from Bates Circuit Court.—*Hon. Chas. A. Denton,* Judge.

AFFIRMED.

*H. W. Timmonds* for appellant.

*Wright Bros.* and *James T. Blair* for respondent.

LAMM, P. J.—Whatever may be the legal conclusions pleaded and the coloring matter injected into the bill, this is clearly a suit in equity to establish a lost or destroyed deed, and nothing more. Brought in Barton county it went to the Bates Circuit Court on defendant's application for a change of venue. There it was tried as in equity and the chancellor took time to consider. The final disposition, *nisi*, is shown by an excerpt from the judgment, *viz*.: "The court doth therefore order and adjudge that the plaintiff take nothing by his bill and that the defendant have and recover of the plaintiff her costs here laid out and expended and have execution therefor." From that judgment plaintiff appeals.

In view of the disposition to be made of the case, the petition and answer are useful to understand the subject-matter of the litigation.

The petition follows:

"ACTION TO ESTABLISH DEED.

"Plaintiff, Joseph Morris, respectfully represents to the court that he is the owner and in possession of the following described real estate, situate in the county of Barton, and State of Missouri, to-wit: Ten feet off of the east end of sixty feet off the south end of lot one in block twelve, of the original town, now city of, Lamar, Missouri.

"That on or about the first day of December, 1856, one Joseph C. Parry, now deceased, by deed of conveyance containing covenants of warranty in the ordinary form, conveyed to Barton county, Missouri, for county seat purposes of said county, the following described real estate, situate in said county, to-wit: The southwest quarter of the northwest quarter, and the west half of the west half of the southeast quarter of the northwest quarter of section thirty, township thirty-two, of range thirty, consisting of fifty acres.

"That the tract of land above described, and by said Joseph C. Parry conveyed to Barton county by said deed of conveyance containing covenants of warranty as aforesaid, was, on the —— day of ——, 1857, duly selected as the permanent county seat, and the town of Lamar was duly laid off on said tract of land into lots, blocks, squares, streets and alleys, and a plat of said town was duly made and approved.

"That the parcel of land above described as belonging to this plaintiff is a part of the land so conveyed by said Joseph C. Parry and platted as aforesaid, upon which the town of Lamar was duly laid off.

"That, on the —— day of December, 1856, the said deed of conveyance from said Joseph C. Parry was filed for record and duly recorded in the office of the recorder of deeds of said county, and then became an important link in the chain of conveyances, and a part of the record title of said tract of land from which said county seat had been located as aforesaid, and the town lots platted thereupon, and became, and was, and now is, one of the evidences of plaintiff's title to the premises first above described.

"That at the time of the execution of the said deed by the said Joseph C. Parry, his then wife, Josephine Parry, joined with him in said deed, and, in due form of law, released the dower interest therein. That since said date said Josephine Parry departed this life.

"That, during and by reason of the late War of Rebellion, said deed of conveyance from said Joseph C. Parry and his then wife, Josephine Parry, and also the record thereof, together with the plat of said town and the record thereof, as well as nearly all the public records of said county, were lost or destroyed by the ravages of war, and the destruction of the public courthouse, in which said records were kept, the contents thereof being destroyed by fire.

"That, long subsequent to the execution, delivery and recording of said deed of conveyance from the

said Joseph C. Parry, and the loss and destruction of the same, and the records thereof, the said Joseph C. Parry married the defendant, Nancy C. Parry, and she is the surviving wife of the said Joseph C. Parry.

"That after the destruction of said deed, and the records thereof, and the marriage of said Joseph C. Parry to the defendant, Nancy C. Parry, he (the said Joseph C. Parry) made, executed and delivered a deed, conveying all his right, title and interest in and to said real estate so conveyed to Barton county for county seat purposes, to-wit, on the —— day of ——, 18—, but the said Nancy C. Parry failed to join in said last named conveyance.

"That, by reason of the loss and destruction of said first deed, and the record thereof, plaintiff's record title to the parcel of land first above described, as well as the record title to all the town lots located on the said fifty-acre tract of land above described, and so conveyed by said Joseph C. Parry and his then wife, Josephine Parry, to Barton county for county seat purposes, is defective, and, by reason of said defect, the defendant, Nancy C. Parry, now wrongfully seeks to take advantage of plaintiff, and all others owning town lots located as aforesaid, and wrongfully asserts that she has dower interest in all of said lands, including the parcel owned by this plaintiff as aforesaid, and the said wrongful assertion of said interest by the defendant, Nancy C. Parry, coupled with the fact that said deed, and the record thereof, was executed by the said Joseph C. Parry and his then wife, Josephine Parry, to Barton county, Missouri, has created a cloud upon the plaintiff's title to his great injury and detriment; that the establishment of said deed so made by Joseph C. Parry and his then wife, Josephine Parry, will remove such cloud and prove by the records a clear and merchantable record title to said tract of land so owned and in his possession at this time.

"Wherefore, the plaintiff prays the court to hear and make record of such evidence as plaintiff may produce touching or concerning his interest in and to the parcel of land aforesaid, and that, upon the final hearing of this petition, a decree be made and entered of record, establishing such first deed of conveyance from Joseph C. Parry and his then wife Josephine C. Parry, to Barton county and that the plaintiff be adjudged and seized of an estate in fee simple in and to the tract of land as above described and that this defendant be forever barred from setting up any claim or interest in and to said real estate, and that plaintiff's actual title, whether record or otherwise, be fully and completely established, and for such other and further relief as to the court may seem meet, just and proper."

The trial answer follows:

"Now comes the defendant in the above entitled cause and, first having obtained leave of court, for her second amended answer to the petition of the plaintiff herein, denies each and every allegation therein contained, except such as are hereinafter admitted.

"And further answering defendant admits:

"That defendant and Joseph C. Parry intermarried with each other on the —— day of ——, 1862, and that said Joseph C. Parry died on the 21st day of July, 1902; that she never at any time with her husband or otherwise executed a deed to the ten-foot strip of land mentioned in the petition; that she asserts that she has dower in the parcel of land described in the petition, but denies that said assertion and claim are or were wrongfully made;

"And defendant further answering avers and says that plaintiff has a full, complete and adequate remedy at law; and further, defendant says that there is now pending in this court a suit wherein the defendant in this suit is plaintiff and the plaintiff in this suit is defendant, and wherein the existence of the pretended

218 Sup—45

deed mentioned in plaintiff's petition herein is put in issue, and wherein the defendant here is suing for her dower, and defendant states that said suit was pending before the institution of this suit by plaintiff;

"And further answering, defendant says that plaintiff and his grantors have been guilty of laches in the institution of this suit, by reason of delaying their action for thirty-five years; that by reason of said delay defendants will be greatly prejudiced if plaintiff's suit is entertained by this court."

The trial took substantially the same course as that of Van Pelt *et al.* v. Parry, just decided by this Division, and reported at page 680 of this Report, and the record here is substantially the same as there, *mutatis mutandis*.

The lost deed sought to be re-established in this suit is the identical one from Joseph C. Parry and Josephine, his then wife, dated in December, 1856, held in judgment in the Van Pelt case. In the case at bar, as in that, defendant relied on the same patent from the State in 1867 and deed from Barton county in the same year purporting to convey to Joseph C. Parry the land theretofore appropriated and devoted by Barton county to county seat purposes. She claims dower under those conveyances on the theory that her husband Joseph became thereby seized of an estate of inheritance. The facts relating to the appropriation of that land in 1856 and 1857 to county seat purposes being substantially the same on this record as disclosed in that, that case must control this and this should be read with that. We held there, in effect, that Parry's 1856 deed (lost or found), conveyed no legal or equitable title. We held, furthermore, that Barton county owned the land and that having permanently appropriated it for county seat purposes, it, by that appropriation, ceased to be swamp land and that Parry's subsequent patent from the State and deed from the county in 1867 purporting to convey it to him *as swamp*

*land,* vested no estate of inheritance in him on which Nancy C. Parry could be endowed, but that Joseph, if seized at all under those deeds, was seized merely to the use of Barton county. In this case plaintiff holds under a deed from Barton county to Charles R. Logan and Nathan Bray in 1869 and mesne conveyances.

We cannot see how the establishment of the lost deed in any way affects plaintiff's title. At most, that deed would merely tend to show that Parry participated in the locating of the county seat by removing an apparent claim he had as entryman, which entry was afterwards canceled by the United States government. When established, the deed would be no muniment of title and in point of law it conveyed no estate.

What reasons may have influenced the chancellor below to dismiss the bill, we need not consider, but under the ruling in the Van Pelt case the result reached was right; for equity does not require useless things to be done and ought not to do them.

This view makes assignments of error on rulings on the admission and exclusion of evidence merely academic and the case itself a moot case. It is disclosed by the record that there is a suit pending between the present parties for the assignment of dower to Nancy, in the *locus.* That suit, when disposed of as ruled in Van Pelt case, will settle the rights of the parties in the subject-matter of this litigation, if the record is the same as this on the merits. Let the judgment be affirmed. All concur.