**COLE et al. v. VARNER.   (No. 10152.)**

(Court of Civil Appeals of Texas. Fort Worth. Nov. 25, 1922.)

**1. Injunction ⬅️144—Petition for temporary writ must be verified.**

A petition for a temporary writ of injunction must be verified (Rev. St. art. 4649).

**2. Injunction ⬅️148(1)—Bond must be required and given to authorize issuance of temporary writ.**

The requirement and giving of a bond are prerequisites for the issuance of a temporary writ of injunction (Rev. St. art. 4654).

**3. Judgment ⬅️460(3, 6)—To set aside judgment and prevent further executions, petitioner must allege just defense and show diligence to correct matters complained of in trial court.**

To set aside a judgment reciting service and prevent the issuance of further executions, petitioner must not only allege that he had a just defense against the cause of action on which the judgment was predicated, but must show diligence in the effort to correct the mat-

ters complained of by a seasonable effort before the trial court to obtain a new trial, on refusal of which he may seek relief by appeal or writ of error.

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Petition by S. R. Varner to set aside a judgment for T. J. Cole and others and enjoin the issuance of further executions thereon. From an order setting aside the judgment and granting a temporary writ of injunction, defendants appeal. Order set aside and temporary writ vacated.

Bonner, Bonner & Sanford, of Wichita Falls, for appellants.

Martin, Oneal & Allred, of Wichita Falls, for appellee.

CONNER, C. J. We are of opinion that the order appealed from in this case must be set aside for several reasons apparent on the face of the record.

[1] In the first place, the petition for the temporary writ is not verified. This was essential. See Rev. Stats. art. 4649; Wright v. Wright, 3 Tex. 168; Pullen v. Baker, 41 Tex. 419; Lee v. Broocks, 54 Tex. Civ. App. 220, 118 S. W. 165; Moss v Whitson (Tex. Civ. App.) 130 S. W. 1034; Clarey v. Hurst (Tex. Civ. App.) 136 S. W. 840.

[2] It also appears that the temporary writ of injunction was authorized and issued without the requirement of a bond and that no bond in fact was given. This also was a prerequisite for the issuance of the writ. Rev. Stats. art. 4654; Morris v. Parry, 218 Mo. 701, 118 S. W. 430; Boykin v. Patterson (Tex. Civ. App.) 214 S. W. 611; Searcy v. Commonwealth (Ky.) 222 S. W 513.

[3] Again, the petition seeks to set aside the judgment that on its face recites service, and no defense to the notes and mortgage upon which the judgment is predicated is averred, nor is any reason assigned why, if the judgment was defective or erroneous for the causes alleged, the petitioner could not have obtained relief by a seasonable effort before the trial court to obtain a new trial, or, if refused, then seek relief by appeal or by writ of error. While it is true that the plaintiff might institute a separate suit for damages because of a wrongful and malicious issuance of a writ of attachment, yet, in so far as the petition sought to abrogate the judgment entirely and prevent its abstracting and prevent the issuance of further executions, it was undoubtedly necessary for the petitioner to not only allege that he had a just defense against the cause of action upon which the judgment was predicated, but also to show diligence in the effort to correct the matters of which he complains in the trial court. Sheppard v. Avery (Tex. Civ. App.) 32 S. W. 791; Drinkard v. Jenkins,

(Tex. Civ. App.) 207 S. W. 354; Wichita County Lumber Co. v. Maer (Tex. Civ. App.) 235 S. W. 990.

For the reasons assigned, the order of the court below is set aside, and the temporary writ of injunction vacated and adjudged to be of no effect.