**CLAYTON v. STEPHENSON.   (No. 2168.)\***

(Court of Civil Appeals of Texas. Amarillo.
June 13, 1923. Rehearing Denied
Oct. 3, 1923.)

**1. Attachment ⟵⟶339—Surety under replevy bond is practically a party, and judgment may be rendered without notice.**

Surety on statutory bond given to replevy attached property is in many respects practically a party to the suit, and judgment may be rendered against him on the bond without notice to him.

**2. Attachment ⟵⟶339—Surety on replevy bond may oppose judgment and prosecute appeal or writ of error.**

Surety on statutory bond given to replevy attached property has right to appear and present reasons in opposition to rendition of judgment against him, and to prosecute appeal or writ of error if dissatisfied.

**3. Appeal and error ⟵⟶150(6)—Surety on replevy bond entitled to appeal.**

Though bond given to replevy attached property was not statutory bond, so that summary judgment against sureties was not authorized, surety was such a party to the suit that he might have appealed from such judgment and obtained reversal.

**4. Execution ⟵⟶171(2)—Execution of judgment not restrained without good excuse for failure to seek relief in the original case.**

Party to suit may not obtain injunction to restrain execution of judgment rendered therein without showing good excuse for not seeking such relief in the original case by motion for new trial or by appeal or writ of error.

**5. Execution ⟵⟶171(2)—Surety on replevy bond held not entitled to restrain execution of judgment.**

Surety on bond given to replevy attached property, whether statutory bond or not, cannot restrain execution of judgment rendered therein against him where he has no excuse for failure to seek relief in the attachment action by motion for new trial or appeal other than mistake or ignorance of his attorneys.

On Motion for Rehearing.

**6. Attachment ⟵⟶192—Bond held statutory bond.**

Bond given to replevy attached property, and differing from statutory form only in that it recited appraisal of property, and provided that, if defendant was condemned, sureties should satisfy judgment or pay estimated value of property, was a statutory bond, especially where judgment thereon also recited the appraisal.

Appeal from District Court, Wichita County; E. W. Napier, Judge.

Action by J. C. Clayton against J. M. Stephenson. Judgment for defendant, and plaintiff appeals. Affirmed.

E. E. Fischer and T. F. Hunter, both of Wichita Falls (Bonner, Bonner & Sanford, of Wichita Falls, on the brief), for appellant.

Weeks, Morrow & Francis, of Wichita Falls, for appellee.

BOYCE, J.   J. C. Clayton brought this suit to enjoin the execution of a judgment against him in favor of appellee, Stephenson. The judgment attacked was rendered in a suit brought by Stephenson against John Bailey. In that suit an attachment was levied on a certain automobile as the property of Bailey. This automobile was replevied on bond executed by Bailey as principal and Clayton and another as sureties. This bond, after reciting the seizure of the property on the writ of attachment contains this further recital:

"And which, by the said plaintiff herein, has been appraised at $2,000.00 and has been permitted to remain in the hands of said defendant herein,"

and is conditioned as follows:

"Now, therefore, we, the said John Bailey and all other signers hereto, acknowledge ourselves bound to pay to the plaintiff, J. M. Stephenson, in said attachment the sum of $2,000.00 conditioned that should the defendant be condemned in the above-entitled cause he shall satisfy the judgment which may be rendered therein or shall pay the estimated value of the property, with lawful interest thereon from the date of this bond."

The judgment in that case was against Bailey for the sum of $2,028.50, and on the replevy bond just described against Bailey, Clayton, and the other surety, for the sum of $2,000, the judgment reciting that the officer seizing the automobile under the attachment writ appraised it at such sum.

Plaintiff alleged in this injunction suit that he was the owner of said automobile attached as the property of Bailey; that, when the officer seized said property under attachment, he employed attorneys (other than the ones now representing him) for the purpose of establishing his title to said property, and retaining possession thereof; that the said attorneys, through mistake, instead of preparing claimant's oath and bond, and proceeding in that manner to establish plaintiff's claim to said property, prepared the replevy bond hereinbefore described, and plaintiff executed the same without understanding the purport thereof, thinking it was a claimant's bond, which would entitle him to try his right to said property; that some time thereafter plaintiff learned of said mistake, and redelivered the automobile to the sheriff; that, "after the constructive delivery thereof to the officer," plaintiff executed and filed a claimant's oath and bond, taking possession of said automobile under said claim, and still holds possession, subject to disposition thereof under said proceeding to

try title; that for such reason the plaintiff was not bound on said purported replevy bond; that in any event the said replevy bond was not a statutory bond, and the court was without power to render summary judgment against the plaintiff thereon in the said suit against Bailey.

The case was tried before the court without a jury, and judgment rendered denying the injunction. On the trial evidence was offered to sustain appellant's allegations of ownership of the automobile, and the circumstances of the execution of the replevy bond and the claimant's oath and bond as alleged. In view of the conclusion we have reached, we may assume that these allegations were conclusively established by the evidence. The petition for injunction does not allege when plaintiff became aware of the fact that judgment had been rendered against him on the replevy bond in the suit against Bailey. He testified on the trial of this case that his attorneys (other than the ones now representing him) "tried to intervene for me in the suit of J. M. Stephenson v. John Bailey. * * * I was present in the courtroom when the application for intervention in said cause was made by my attorneys for the purpose of establishing my title to the car in question. The court refused to allow such intervention." There was also introduced in evidence the judgment of the court denying appellant the right of intervention in the suit of Stephenson against Bailey. No evidence was offered as to the allegations on which intervention was sought. No motion for new trial was filed by appellant in the Stephenson-Bailey suit, and no appeal or writ of error taken fom the judgment in said cause.

[1-3] If the so-called replevy bond were a statutory bond, the appellant, Clayton, a surety thereon, was in many respects practically a party to the suit, and the court was authorized to render judgment on the bond without notice to him. Mills v. Hackett, 65 Tex. 580; Seinsheimer v. Flannagan, 17 Tex. Civ. App. 427, 44 S. W. 30; Morris v. Anderson (Tex. Civ. App.) 152 S. W. 677; Tripplett v. Hendricks (Tex. Civ. App.) 212 S. W. 754. In any event, we take it that he had the right to appear in the case and present any reasons in opposition to the rendition of a judgment against him on the bond, and to prosecute an appeal or writ of error in the event he was dissatisfied with the trial court's adjudication of his rights. Wandelohr v. Grayson County National Bank, 102 Tex. 20, 108 S. W. 1154, 112 S. W. 1046. And, if the bond was not a statutory bond, and the court was not authorized to render summary judgment against the sureties, yet the surety was such a party to the suit as that he might have appealed from said judgment and obtained a reversal thereof on such account. Janes v. Reynolds, 2 Tex. 250; Mariany v. Lemaire (Tex. Civ. App.) 83 S. W. 215.

[4, 5] It is an established rule in this state that a party to a suit may not obtain an injunction to restrain the execution of a judgment rendered therein unless he shows a good excuse for not seeking such relief in the original case in which judgment was rendered either by motion for new trial or by appeal or writ of error from the judgment. Hamblin v. Knight, 81 Tex. 351, 16 S. W. 1082, 26 Am. St. Rep. 818; Cole v. Varner (Tex. Civ. App.) 246 S. W. 410; First National Bank v. Curtis (Tex. Civ. App.) 244 S. W. 225. In this case the petition for injunction does not attempt to show why plaintiff did not seek direct relief in the original proceeding, and present therein, either on original hearing, motion for new trial, or appeal, the matters now urged in opposition to the rendition of said judgment. The only excuse now offered for failure to take any such action is the suggestion of mistake or ignorance on the part of the attorneys representing appellant at such time. These facts are not directly alleged but suggested in argument. But relief against judgments cannot be granted on the ground that, as the result of the ignorance, neglect, or mistakes of a litigant's lawyers, his rights were not fully protected in the litigation closed by the judgment. Donovan v. Miller, 12 Idaho, 600. 88 Pac. 82, 9 L. R. A. (N. S.) 524, note, 10 Ann. Cas. 444; Black on Judgments, § 375; 15 R. C. L. p. 756. The case of Western Union Telegraph Co. v. Walker, 86 Tex. 72, 23 S. W. 380, is not, in our opinion, in point; the matter there was "in fieri."

We are of the opinion that the judgment of the trial court must be affirmed.

### On Motion for Rehearing.

Appellant, in his motion for rehearing, insists with earnestness that we should have passed on the question as to whether the replevy bond was a statutory bond; that, if it were not a statutory bond, as he insists, then the judgment on it was void because the court was without jurisdiction, and the plaintiff would then have the right to attack it by injunction in this suit. We do not recede from our former position that the conclusions expressed in the original opinion are sufficient to dispose of the case. However, we think it proper to express the following views as to these other matters which appellant insists that we consider.

[6] We are of the opinion that the trial court might have properly held in the original case that the replevy bond was a statutory bond. Its obligation is in the exact language of the statute, and we do not believe that the fact that it affords an alternative method of satisfaction renders it nonstatutory. The statute itself provides the alternative. The fact that the bond recites that the property was appraised at $2,000 by the plaintiff presents the only other question as to the statutory character of the bond

which we need consider. The law provides that the officer levying the writ shall appraise the value of the property, but does not provide how this fact shall be shown, nor that it shall be recited in the bond. Such officer in this instance had possession of the property, and passed on the sufficiency of the bond before releasing it. It ought to be presumed that he did his duty in this respect. The judgment on the bond recites that the officer did appraise the property at $2,000, and it is thus determined on the face of the judgment that the statute was complied with in the taking of the bond.

Overruled.