## Ex parte COWARD. (No. 3335.)

(Supreme Court of Texas. June 2, 1920.)

**1. Injunction ⬤⟹231 — Commitment for contempt not disturbed because of irregularity in order, where properly amended.**

Though the original verbal order adjudging relator in contempt for violating an injunction directing imprisonment and fine was bad because oral and imposing a penalty in excess of that allowed, yet, where the judge amended his order reducing the fine and jail sentence to authorized limits, the commitment will not be disturbed because of the invalidity of the original order.

**2. Injunction ⬤⟹148(1) — Statutory requirement of bond applies to divorce suit.**

Notwithstanding Rev. St. 1911, arts. 4638, 4639, the statute making the giving of a bond a condition precedent to the issuance of an injunction applies to a divorce suit.

Petition by R. A. Coward for writ of habeas corpus. Writ granted, and relator discharged.

Leonard Brown and W. H. Russell, both of San Antonio, for plaintiff.

PHILLIPS, C. J. The relator as the defendant in a divorce proceeding was temporarily enjoined by the Special District Judge of one of the District Courts of Bexar County from molesting his wife and interfering with her control of certain property. For disobeying the injunction he was by the Special District Judge held in contempt, and by verbal order a fine of $500.00 assessed against him and a sentence of 60 days in jail imposed. No commitment was issued on this verbal order. The sheriff acted, it appears, wholly upon the mere oral direction of the Judge.

The injunction writ had issued without the giving of any bond by the plaintiff in the suit. Apparently, no bond was required of the plaintiff.

The relator having applied here for a writ of habeas corpus following his being adjudged in contempt, the Special District Judge, before action here on the application and while the District Court was still in session, amended his order in the contempt proceeding, entering a written judgment as of the date of the original order, adjudging the relator in contempt and reducing the penalty imposed to a fine of $100.00 and 3 days imprisonment in jail;. a certified copy of the judgment as amended being duly delivered to the sheriff as a commitment.

[1] The Special District Judge had no authority to assess against the relator for disobedience of the injunction any such fine or impose any such jail sentence, as was originally ordered. Nor did he have any authority to direct the imprisonment of the relator by his verbal order. Since, however, he amended his judgment or order, reducing the fine and jail sentence to the limits he was authorized under the statute to impose and there was placed in the hands of the sheriff as a commitment a certified copy of the amended order before the writ of habeas corpus was issued by this court, we would not direct the relator's discharge because of the invalidity of these original proceedings.

[2] Under the statute the giving of a bond is made a condition precedent to the issuance of an injunction. This requirement applies to divorce suits brought by the wife, notwithstanding Articles 4638 and 4639. Wright v. Wright, 3 Tex. 168. The Judge was therefore without power to grant the injunction without requiring a bond from the plaintiff, and the injunction was accordingly void. Williams v. Huff, Dallam, 554; Diehl v. Friester, 37 Ohio St. 473; Lawton v. Richardson, 115 Mich. 12, 72 N. W. 988.

The injunction being void, the contempt orders were equally so.

The relator is discharged.