## LAWTON v. RICHARDSON.

1. INJUNCTION—RESTRAINING SUIT AT LAW—BOND.

   An injunction issued without bond, restraining defendant from proceeding to sell goods seized under a writ of attachment, is a nullity, under 2 How. Stat. § 6687, providing that "no injunction shall issue to stay the trial of any personal action in a court of law until the party applying therefor shall execute a bond with one or 'more sufficient sureties to the plaintiff in such action at law, in such sum as the circuit judge * * * shall direct, conditioned for the payment * * * of all moneys * * * the collection of which may be stayed by such injunction."

2. RECEIVERS—SURRENDER OF PROPERTY.

   An order appointing a receiver of the assets of an insolvent debtor, made *pendente lite* upon a bill filed under 3 How. Stat. § 8749o, by the holders of preferred claims, and requiring an attachment creditor to surrender property held by virtue of his writ, is improvidently made.

Appeal from Wayne; Donovan, J. Submitted October 7, 1897. Decided November 17, 1897.

Bill by Edward Lawton and others against Henry W. Richardson, John Phillips, and others, for the appointment of a receiver. From an order denying a petition to vacate an order appointing a receiver, defendant Phillips appeals. Reversed.

*Durfee & Allor*, for complainants.

*Henry B. Graves*, for appellant.

HOOKER, J. John Phillips, the appellant, began an attachment proceeding against Henry W. Richardson, before a justice of the peace, and the officer seized certain goods and chattels in Richardson's store. A day or two later, the bill in this cause was filed, under 3 How. Stat.

§ 8749*o*, and an *ex parte* injunction was allowed by the circuit judge, and was issued without the filing of a bond, as required by 2 How. Stat. § 6687. Two or three days later an order was made appointing a receiver of the property, who took possession of the same, against the protest of Phillips; and, shortly after, the property was sold under an order of the court, of which proceeding Phillips had no notice, and did not learn for some time. From the proceeds, $50 was paid to the complainants' solicitor. The order appointing a receiver was before this court in the case of *Hall* v. *Wayne Circuit Judge*, 111 Mich. 395, where it was said to have been improvidently made, and it was suggested that the motion to vacate it be renewed in the circuit court. Such a motion was subsequently made by Phillips, but was denied, and he has appealed. Meanwhile Phillips recovered a judgment against Richardson, in the attachment case, on November 24, 1896, for $303, and $4.50 costs. Upon this he has realized $60.90 upon execution, which was levied upon some of the property which was attached, the same having been turned over by the receiver.

Under the statute cited, the injunction was a nullity, and the cases cited upon the former hearing of the matter show the appointment of a receiver and sale of the property to have been unwarranted. All of the orders made are therefore vacated, and the receiver, having sufficient money from the sale, is hereby ordered to pay to the appellant the amount remaining due upon the appellant's judgment. Appellant will recover taxable costs of all proceedings in both courts, against the complainants.

The other Justices concurred.