### Ex. Parte R. A. Coward.

No. 3335.   Decided June 2, 1920.

(222 S W., 531.)

1.—Contempt—Amendment of Order.

Though the district judge exceeded his authority by imposing a fine in excess of the amount permitted and in directing imprisonment by a verbal order, the invalidity of these proceedings would not entitle the party to discharge on *habeas corpus* where, before his application, they were remedied by a written judgment not in excess of the court's power. (P. 589).

2.—Contempt—Divorce—Injunction—Bond.

The giving a bond is made a condition precedent to the issuance of an injunction (Rev. Stats. Art. 4654); and this applies to cases of injunction obtained by the wife in divorce proceedings under articles 4638, 4639, Rev. Stats. An injunction issued without bond in such case is void; and so, also, was a commitment of the husband for contempt in violating it; and he was entitled to discharge on *habeas corpus*. (P. 590).

Original application of Coward to the Supreme Court for writ of *habeas corpus*, to which John W. Tobin, sheriff of Bexar County was respondent.

*Leonard Brown* and *Wm. H. Russell*, for relator.—Under article 4654 of the Revised Civil Statutes of 1911 requiring the execution of a bond before the issuance of any writ of injunction, the writ

of injunction issued without bond being required or filed is invalid. Rev. Stats. 1911, 4654; Boykin v. Patterson, 214 S. W., 611; Coss v. Coss, 207 S. W., 128; Houston Ice & Brewing Co. v. Clint, 159 S. W., 409; Payne v. Carpenter, 111 S. W., 430; Ricker, Lee & Co. v. Douglas Bros., 75 Texas, 180; Marshall v. Spiller, 184 S. W., 285; High on Injunctions (2nd Ed.), secs. 1620, 1621.

The disobedience of a void order of court is not contempt. 9 Cyc., p. 10, and authorities there cited; Ex Parte Duncan, 62 S. W., 758; Goodfellow v. State, 110 S. W., 755; McHenry v. State, 16 L. R. A. (N. S.) 106; High on Injunctions (2nd Ed.) sec. 1621.

To hold one adjudged in contempt in custody a valid and entered order or judgment and a committment issued thereon at the time such party is placed in custody is necessary to render the restraint legal. Ex parte Kearby, 34 S. W., 635 & 962; Ex parte Robertson, 11 S. W., 669; Ex parte Dena, 140 S. W., 346; Ex parte Alderete, 203 S. W., 763.

The mere entry of an order by a court, adjudging one in contempt of such court, six days after such party has been tried and adjudged so in contempt and placed in custody, and the delivery of a copy of such order to the sheriff holding such person, is not such a committment as is required by law. Ex parte Robertson, 11 S. W., 669; Ex parte Kearby, 34 S. W., 635, 962; Ex parte Alderete, 203 S. W., 763; Ex parte Dena, 140 S. W., 346.

The injunction statutes make no exception in favor of married women. Lingwiler v. Lingwiler, 204 S. W., 785; Coss v. Coss, 207 S. W., 128.

*Chambers, Watson & Wilson,* for respondent.—In a divorce proceeding the trial court may, in his discretion, grant such temporary writs of injunction as may be necessary for the preservation of the wife's separate estate and interest in the community and to prevent interference with the wife's person, without bond. Arts. 4638, 4639, Rev. Civ. Statutes; Wright v. Wright, 3 Texas, 168; Swearingen v. Swearingen, 165 S. W., 16; Shaw v. Shaw, 112 S. W., 124.

Even though bond be required before issuance of injunction (which we deny in divorce cases) yet same is not void, but at most irregular, and question of whether injunction properly granted cannot be considered. Ex parte Young and Levine, 103 Texas, 470; Ex parte Testard, 102 Texas, 288; Ex parte Warfield, 40 Texas Cr., 421; United States v. Debs, 64 Fed., 724; Ex parte Reed, 100 U. S., 13-23; Ex parte Tinsley, 37 Texas Cr., 517; 22 Cyc., pp. 958, 962, 1009; 9 Cyc., pp. 11, 33; 7 Am. & Eng. Ency. Law (2nd Ed.), 56; Ex parte Young, 129 S. W., 599; Revised Statutes (1895), Arts. 2998-2999, 3003 and 3007.

A district judge during term time has jurisdiction to alter, modify or correct its judgments rendered during the term and can enter

order during said time in contempt proceedings. Ex parte Dena, 140 S. W., 346.

In cases of constructive contempt if the judgment does not find the *factum* of contempt, the moving papers can be looked to to help out some defects amounting to an irregularity in judgment. Ex parte Latham, 47 Texas Cr., 212; Ex parte Smith, 40 Texas Cr., 182; Ex parte Cosh, 50 Texas Cr., 624; Ex parte West, 60 Texas Cr., 485; Ex parte Garza, 50 Texas Cr., 106.

Court has the authority to enter order adjudging party in contempt, and an order directing that certified copy be delivered to sheriff commanding him to arrest party is sufficient and is in fact a committment and order.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

The relator as the defendant in a divorce proceeding was temporarily enjoined by the Special District Judge of one of the District Courts of Bexar County from molesting his wife and interfering with her control of certain property. For disobeying the injunction he was by the Special District Judge held in contempt, and by verbal order a fine of $500 assessed against him and a sentence of 60 days in jail imposed. No commitment was issued on this verbal order. The sheriff acted, it appears wholly upon the mere oral direction of the Judge.

The injunction writ had issued without the giving of any bond by the plaintiff in the suit. Apparently, no bond was required of the plaintiff.

The relator having applied here for a writ of *habeas corpus* following his being adjudged in contempt, the Special District Judge, before action here on the application and while the District Court was still in session, amended his order in the contempt proceeding, entering a written judgment as of the date of the original order, adjudging the relator in contempt and reducing the penalty imposed to a fine of $100 and 3 days imprisonment in jail; a certified copy of the judgment as amended being duly delivered to the sheriff as a commitment.

The Special District Judge had no authority to assess against the relator for disobedience of the injunction any such fine or impose any such jail sentence, as was originally ordered. Nor did he have any authority to direct the imprisonment of the relator by his verbal order. Since, however, he amended his judgment or order, reducing the fine and jail sentence to the limits he was authorized under the statute to impose and there was placed in the hands of the sheriff as a commitment a certified copy of the amended order before the writ of habeas corpus was issued by this court, we would not direct the relator's discharge because of the invalidity of these original proceedings.

Under the statute the giving of a bond is made a condition precedent to the issuance of an injunction. This requirement applies to divorce suits brought by the wife, notwithstanding articles 4638 and 4639. Wright v. Wright, 3 Texas, 168. The Judge was therefore without power to grant the injunction without requiring a bond from the plaintiff, and the injunction was accordingly void. Williams v. Huff, Dallam 554; Diehl v. Friester, 37 Ohio St., 473; Lawton v. Richardson, 115 Mich., 12, 72 N. W., 988.

The injunction being void, the contempt orders were equally so. The relator is discharged.

*Relator discharged.*