## PRUETT et al. v. FORTENBERRY.
(No. 8504.)

(Court of Civil Appeals of Texas. Galveston. June 28, 1923.)

**1. Receivers ⬅182—Must file bond on petition for injunction.**

Rev. St. 1911, art. 4654, requiring a complainant, except the state, to file a bond on petition for injunction, is mandatory, and makes no exception in favor of receivers, and it was error to grant a temporary injunction on application of receiver without a bond.

**2. Corporations ⬅559(6)—Actions pending against corporation not suspended by appointment of receiver for it.**

The appointment of a receiver for a corporation does not abate or suspend the prosecution of an action pending against it at the time of the appointment.

**3. Injunction ⬅26(6)—Against prosecution of action against corporation pending in another court when receiver appointed until he could prepare defense held improperly granted.**

An injunction against the further prosecution of an action in another court against a corporation when a receiver was appointed until the receiver could prepare a defense thereto, since it is not the province of a court to control the disposition of another court's business, was improperly granted; the proper procedure being for the receiver to apply to the court in which the case was pending for a continuance or postponement as under Rev. St. 1911, art. 2146, he could be made party to such action.

**4. Receivers ⬅78—After appointment of receiver for corporation, its property is in custodia legis, and not subject to sale under execution.**

Where, after a sheriff levied on property of a corporation, a receiver was appointed, the property was in custodia legis, and not subject to sale under execution, and the court, being justified in believing that the sheriff claimed possession of the property as against the receiver, and that he would after such sale assert title in the purchaser, properly restrained the sale.

**5. Appeal and error ⬅1139—Bond for temporary injunction permitted to be filed in appellate court.**

Where a temporary injunction was granted without the filing of the bond required by Rev. St. 1911, art. 4654, the decree will be conditionally affirmed with the proviso that the bond be filed in the amount fixed by the Court of Civil Appeals within 15 days, payable and conditioned as required by law.

Appeal from District Court, Harris County; J. D. Harvey, Judge.

Suit by C. I. Fortenberry, receiver, against Price Pruett and others. From a decree for plaintiff, defendants appeal. Decree reformed and conditionally affirmed.

Woods, King & John, of Houston, for appellants.

Ross & Wood, of Houston, for appellee.

GRAVES, J. In response to the bill of Fortenberry, receiver of the Home Laundry, a corporation, praying for such relief, the court below, upon an ex parte hearing, and without requiring the receiver to give any bond, directed the issuance of a temporary injunction restraining Price Pruett and others in two respects:

(1) From selling under execution on a judgment against W. T. Terry foreclosing a chattel mortgage thereon certain machinery alleged to be in the receiver's possession. (2) In the language of the order, "and from proceeding further, or taking any action or step under said execution or order of sale; and enjoining said Price Pruett, his agents and attorneys, from prosecuting or proceeding further with that certain suit in the district court of Harris

county, Tex., Eleventh judicial district of Texas, No. 104255, entitled Price Pruett v. Home Laundry, and purporting to be based upon a note, deed of trust, and chattel mortgage, alleged to have been executed by said the Home Laundry. It is further ordered that this order and injunction shall remain in full force and effect until otherwise ordered by the court."

Of this decree Pruett and his codefendants in the trial court complain in the capacity of appellants here against the plaintiff below as appellee.

What is deemed a sufficient résumé of the material averments of the application, upon consideration of which the writ as outlined issued, is this:

W. T. Terry had bought the machinery referred to from the Troy Laundry, giving it in security for unpaid purchase money a chattel mortgage thereon, which had been foreclosed in a judgment in its favor for the debt against him, the amount unpaid on the judgment at the time the execution or order of sale thereunder issued—that is, the one herein enjoined—being $1,681.83, appellant Pruett having bought and being then the owner thereof; this judgment and foreclosure had been entered in the Eightieth district court prior to the appointment of the receiver here involved by the same court in a different proceeding but the corporation he subsequently represented was never in any way made a party thereto, and Terry, the defendant in that judgment, had before its rendition sold and transferred the machinery to the Home Laundry, in whose plant it was located, constituting its main dependence, and being necessary to the operation thereof at the time Pruett, by virtue of the judgment referred to, levied an execution thereon and caused the same to be advertised for sale thereunder.

The suit No. 104255 in the Eleventh district court, Price Pruett v. Home Laundry, the bill at length charged, was one appellant Pruett had, likewise prior to the appointment by the Eightieth district court of this receiver, filed against the Home Laundry upon a purported note for $18,000 ostensibly secured by a deed of trust on its lots and laundry plant located thereon, as well as by a chattel mortgage on some machinery in the plant, all alleged by Pruett to have been executed in his favor by it, but none of which instruments in fact represented its acts or obligations, in that the $18,000 note so declared upon was never signed by it, and was purely the individual debt of W. T. Terry; further, that Pruett had, contemporaneously with the filing of this No. 104255, instituted still another suit against the laundry corporation in the Eleventh district court, to wit, No. 104252 therein, whereby he sought to foreclose three vendor's lien notes against it he had as late as February 3, 1923, acquired from the Goose

254 S.W.—38

Creek Realty Company, and that he was prosecuting these two suits in the Eleventh district court and the order of sale out of the Eightieth district court at the same time in order to so paralyze the Home Laundry that it could neither make in such cause No. 104255 the valid defense it had on account of never having executed the $18,000 note nor procure money or security wherewith to protect itself in the other two suits, and unless restrained he would accomplish that objective, since the receiver had only been appointed as such on May 14, 1923, whereas the execution sale had been advertised for May 16, 1923, and the suit on the $18,000 note in the Eleventh district court was then on the eve of trial, so that he had no time to prepare his above-mentioned defense thereto. The usual representations as to irreparable loss and the lack of adequate remedy at law were added.

In setting out that the execution had been levied on machinery indispensable to the operation of the laundry on May 5, 1923, and the sale thereof advertised to take place on May 16, 1923, the specific averment appears:

"That the said sheriff, in levying said writ, claims to have levied same upon the personal property and taken possession thereof, and this petitioner believes that, if a sale be made of the said machinery, the said sheriff will attempt to put the purchaser thereof in possession of said machinery, and petitioner is informed and believes and charges upon such information and belief that the said Pruett is insisting on the enforcement of said writ and sale of said personal property, and insisting that the said sale will pass title to the said property."

The prayer concluding the bill was as follows:

"Petitioner prays that notice of this application be given to the said Price Pruett and to T. A. Binford, sheriff of Harris county, Tex., in his capacity as such sheriff, and that on a hearing hereof a temporary injunction or restraining order issue, restraining said Price Pruett and the said sheriff from making a sale of the said property under the said judgment, and from attempting to sell the same, and that said Price Pruett be further restrained from immediate prosecution of the said suit in the said district court of Harris county, Eleventh judicial district of Texas, upon said alleged $18,000 note, until this petitioner shall have opportunity to prepare a defense against the same, and that upon a final hearing hereof the said injunction against the sale of the said property under the said judgment be perpetually enjoined, and that said Price Pruett be required to seek his relief and his remedy for the collection of said judgment indebtedness through this receivership, and petitioner prays for such other and further orders as may be necessary or proper in the premises and for all general and special relief, both legal and equitable."

Our conclusions upon the record so presented here are: (1) The trial court erred in not requiring a bond from the appellee; (2) the writ issued was improvidently awarded in so far as it attempted to enjoin the prosecution of the suit in the Eleventh district court, but properly restrained the selling of the machinery under the execution.

[1] Our statute providing for bond in injunction proceedings (article 4654, Revised Statutes) makes no exception in favor of receivers, and has been held to be mandatory. Paine v. Carpenter, 51 Tex. Civ. App. 191, 111 S. W. 431; H. I. & B. Co. v. Clint (Tex. Civ. App.) 159 S. W. 409, writ of error refused.

[2, 3] After admitting that, prior to his appointment as its receiver, his corporation had been duly served in suit No. 104255 in the Eleventh district court, and was therefore properly subject to the jurisdiction thereof, the sole ground the appellee advanced as a basis for asking the Eightieth court to stop by injunction the further prosecution of that litigation, and thereby control the action of another court of co-ordinate power in a matter touching which its jurisdiction had first attached, was that he had no time to prepare and present his defense therein; that but amounted to applying to one district court for a continuance or postponement of a cause properly in another merely on the claim that one of the litigants did not have sufficient time within which to present his defense. It should have been addressed to the court in which the cause was pending. The appointment of a receiver for a corporation does not abate or suspend the prosecution to judgment of actions pending against it at the time of the appointment (8 A. L. R. Annotated, 443, two pending actions), and under our statute (article 2146) this receiver might have become or been made a party to the cause in the Eleventh district court; at any rate, it was not the province of a sister court to so control the disposition of another's business.

[4] As concerns the other feature of the writ granted, however, a different situation is presented and a different rule applies. The order of sale had issued out of the same court, the property to which it related was then in the receiver's possession—in other words in custodia legis—and neither its possessor nor his predecessor, the corporation itself, had ever been a party to the suit out of which the process issued. The court below was authorized to conclude, in response to the applicant's allegations to that effect and our statutory requirements with reference to the ad interim possession of personal property levied on and ordered sold under execution, that appellant Pruett, through the sheriff, was not only then claiming to have actual possession of the machinery as against the receiver, but that if not restrained he would, after such advertised sale, further assert that the title to it was in the purchaser thereof, and that the sheriff must so deliver it; in other words, there was enough before the court to justify it in finding that appellant's alleged acts constituted an interference with its own control of the property through the receivership.

Where property is thus in custodia legis, the settled rule in Texas seems to be that it is not subject to levy and sale under execution. In Ellis v. Water Co., 86 Tex., at page 114, 23 S. W. 861, our Supreme Court says:

"It is well established, we think, that after property has been placed in the hands of the receiver, it is not subject to levy and sale under execution. Being in the custody of the law, through the appointment of a receiver by a court of competent jurisdiction, it cannot be interfered with by process from another court."

And again on page 115, of 86 Tex., on page 862 of 23 S. W., the court declares:

"To permit the control of a receiver to be interfered with by virtue of process from another court would be a practice fraught with injustice and productive of confusion; and the remark applies with especial force to the receivers of insolvent corporations."

To the same effect are the cases of H. I. & B. Co. v. Clint, supra, Wiswall v. Sampson, 14 How. 52, 14 L. Ed. 322, and Scott v. Crawford, 16 Tex. Civ. App. 477, 41 S. W. 697; sales of the property under such circumstances being held to be void and to pass no title.

[5] Under the conclusions stated, bond should be required of the receiver, and no restraint of the action of the Eleventh district court should be attempted. The order appealed from will therefore be so modified here as to eliminate the above quoted (2) provision thereof relating to cause No. 104255 in the Eleventh district court, and as so reformed will be affirmed, provided the appellee, within 15 days from this date, files with and secures approval by the clerk of the court below a bond for $500 payable and conditioned as required by law. Water Co. v. Water & Light Co. (Tex. Civ. App.) 132 S. W. 868; Oil Lease & Royalty Syndicate v. Beeler (Tex. Civ. App.) 217 S. W. 1054.

Reformed and conditionally affirmed.