**WEST TEXAS ABSTRACT & GUARANTY CO. v. STOLTE. (No. 7042.)**

(Court of Civil Appeals of Texas. San Antonio. Dec. 5, 1923.)

1. Pleading ⬅➡251—Amended petition should show when original petition was filed.

An amended petition should show when the original petition was filed.

2. Injunction ⬅➡145—Affidavit that facts were true to best of affiant's knowledge and belief insufficient verification of motion.

A motion for a temporary injunction must be verified by positive averments asserting the truth of the facts alleged, and an affidavit that the facts set out are true "to the best of my knowledge and belief" is not sufficient.

3. Injunction ⬅➡148(1)—Injunction void in absence of bond required by statute.

Rev. St. art. 4654, requiring that a bond be given to defendant by complainant before issuance of a temporary injunction, is mandatory, and without such bond injunction is void.

Appeal from District Court, Hidalgo County; Hood Boone, Judge.

Action by Allen A. Stolte against the West Texas Abstract & Guaranty Company and others. From an order refusing to dissolve a temporary writ of injunction, the named defendant appeals. Order granting injunction set aside, and injunction dissolved.

Gause & Kirkpatrick, of Mercedes, for appellant.

Cameron & Epperson, of Edinburg, and Don A. Bliss, of San Antonio, for appellee.

FLY, C. J. [1] This is an appeal from an interlocutory order of the district judge refusing to dissolve a temporary writ of injunction, prosecuted by appellant. The first amended petition discloses that appellee sued the American Rio Grande Land & Irrigation Company, Stewart Farm Mortgage Company, W. E. Stewart Land Company, and appellant, and states that all the defendants had been theretofore cited, except appellant, and citation was sought against it. When the original petition was filed is not shown in the amended pleadings, although this should always be done. The amended pleading was filed on June 4, 1923, and is labeled "Plaintiff's first amended original petition." In this pleading appellee prayed for judgment for purchase money he had paid on certain land, in the sum of $5,511.25; for the rescission of the deed and the cancellation of his notes; that the defendants be compelled to accept a return of the land to them, and for exemplary damages in the sum of $10,000. Appellant filed a long answer, and this seemed to incite appellee to file a pleading denominated "Plaintiff's motion for restraining order." This was filed on June 5, 1923, and covers 17 typewritten pages, making his petition a part of the motion. In the motion appellee prays that appellant and the trustee, E. B. Witmer, be restrained from selling the land to satisfy the vendor's lien notes, which appellee was seeking to cancel. The motion was verified by the affidavit of an attorney for appellee, who swore that the facts set forth in the "application are true, to the best of my knowledge and belief."

[2] The affidavit was not sufficient. A petition for a temporary injunction must be verified by positive averments, asserting the truth of the facts alleged, and an affidavit to the effect that the facts set out in the "application are true, to the best of my knowledge and belief," does not meet the requirements of the statute. Eccles v. Daniels, 16 Tex. 137; Edrington v. Allsbrooks, 21 Tex. 186; Pullen v. Baker, 41 Tex. 419; Graham v. McCarty, 69 Tex. 323, 7 S. W. 342; Spinks v. Mathews, 80 Tex. 373, 15 S. W. 1101; Moss v. Whitson (Tex. Civ. App.) 130 S. W. 1034; Lane v. Jones (Tex. Civ. App.) 167 S. W. 177; Southern Oil Co. v. Mexia Oil Co. (Tex. Civ. App.) 186 S. W. 446; Graves v. O'Neil (Tex. Civ. App.) 189 S. W. 778; Lingwiler v. Lingwiler (Tex. Civ. App.) 204 S. W. 785; Wilkinson v. Lyon (Tex. Civ. App.) 207 S. W. 638; Wilkening v. Wolff (Tex. Civ. App.) 220 S. W. 598; Butler v. Remington (Tex. Civ. App.) 230 S. W. 224. The defect in the

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

affidavit was called to the attention of the trial judge in the motion to dissolve the injunction.

[3] Article 4654, Revised Statutes, requires that a bond shall be given by the complainant before the issuance of the writ of injunction to the adverse party in such sum as may be required by the judge. The provisions of this article are mandatory. Paine v. Carpenter, 51 Tex. Civ. App. 191, 111 S. W. 430; Phoebus v. Connellee (Tex. Civ. App.) 228 S. W. 982; Boykin v. Patterson (Tex. Civ. App.) 214 S. W. 611; Griffith v. State (Tex. Civ. App.) 210 S. W. 294; Farb v. Theis (Tex. Civ. App.) 250 S. W. 290; Ex parte Coward, 110 Tex. 587, 222 S. W. 531. Without the bond, which was not given, the temporary injunction was void.

The order granting the temporary injunction is set aside, and the temporary injunction is dissolved.