## AMERICAN RIO GRANDE LAND & IRRIGATION CO. et al. v. FORD et al.[*]
### (No. 7196.)

(Court of Civil Appeals of Texas. San Antonio. March 5, 1924. Rehearing Denied April 9, 1924.)

1. **Appeal and error ☜71(3)—Interlocutory order granting temporary writ of injunction appealable.**

From an interlocutory order granting a temporary writ of injunction, defendant has a statutory right to appeal, though granted on motion to punish for contempt.

2. **Injunction ☜148(1) — Trial judge cannot enjoin party without requiring statutory bond from complainant.**

A trial judge has no power to enjoin a party without requiring complainant to file a

bond with sureties, since Rev. St. art. 4654, requiring such bond, is imperative and allows no exceptions, except to the state.

**3. Injunction ⚖➡148(1)—Granting of injunction without requiring bond in contempt proceeding is an abuse of discretion.**

In a proceeding for contempt in preparing to sell land under deed of trust pending suit to cancel the secured notes, the court had adequate power to protect its jurisdiction without granting a temporary injunction, and its doing so, without requiring the statutory bond, petition, or affidavit, was an abuse of discretion, in view of Rev. St. art. 4649, requiring petition verified by affidavit to secure an injunction.

Appeal from District Court, Hidalgo County; L. J. Polk, Judge.

Action by J. T. Ford and another against American Rio Grande Land & Irrigation Company and others. From an interlocutory order restraining defendants from selling certain lands, defendants appeal. Reversed, and restraining order set aside.

Gause & Kirkpatrick, of Mercedes, and D. W. Glasscock, of McAllen, for appellants.

A. W. Cameron, of Edinburg, and Don A. Bliss, of San Antonio, for appellees.

FLY, C. J. On August 29, 1921, J. T. Ford and D. T. Ford instituted a suit for damages against the Stewart Farm Mortgage Company, W. E. Stewart, the American Rio Grande Land & Irrigation Company, and W. E. McNess, the claim for damages being based on allegations of fraud and misrepresentations in the sale to them of 34.62 acres of land, and they prayed that certain promissory notes given by them to appellants be canceled. On September 19, 1921, the American Rio Grande Land & Irrigation Company filed its answer, consisting of a general demurrer and special exceptions, a general denial and special pleading that it was not guilty of the fraud and wrongs charged against it.

On July 3, 1922, appellees filed what they denominate a "motion to prohibit sale and for contempt," alleging that the irrigation company was about to sell the land described under a deed of trust given by appellees to secure the purchase money of the land as evidenced by the promissory notes which the suit was brought to cancel; that the sale was advertised to take place on the first Tuesday in July, 1922; that the sale was an attempt to evade the jurisdiction of the court, and they prayed "the court to protect its jurisdiction in this cause by restraining and prohibiting the said American Rio Grande Land & Irrigation Company and its alleged substitute trustee, Robert E. Kirkpatrick, from making said sale on said date, and to issue a writ of attachment or other appropriate writ to bring before the judge of this court the said American Rio Grande

Land & Irrigation Company and its officers and the said Robert E. Kirkpatrick, at a time and place to be set by the judge of this court, then and there to show cause why they should not be dealt with for contempt." A temporary writ of injunction was issued and served on appellees. No bond was given.

On June 18, 1923, an appeal was filed in the case of West Texas Abstract & Guaranty Company v. Allen A. Stolte, wherein the facts are very similar to those narrated herein, from an order granting a temporary writ of injunction, and this court reversed the judgment because there had been no affidavit and no bond filed by the appellee. Not yet reported.

[1] No affidavit and no bond was filed by appellees in this case for the restraining order obtained. Appellees in this case changed their tactics after the opinion was rendered by this court, and on February 4, 1924, filed a motion styled "Motion in Contempt," in which it was alleged that appellants were about to sell the land for which the notes were given, and prayed that the American Rio Grande Land & Irrigation Company and its officers be cited for contempt and be punished. No mention was made of an injunction or restraining order, and consequently there was no affidavit for such injunction or order. The parties were brought before the court and fined the costs of the proceedings for being "technically in contempt of this court." The judgment recites that—

"The defendant in this cause American Rio Grande Land & Irrigation Company, its officers and agents, are hereby on the court's own motion restrained from advertising for sale or selling or causing to be sold the lands involved in this suit under the power of sale contained in said deed of trust until the final determination and adjudication of the cause of action asserted by plaintiffs in this suit herein."

From that order this appeal is perfected.

The order in question gave appellants the basis of an appeal to this court. A temporary writ was granted, and from the interlocutory order granting such temporary writ of injunction appellants had the statutory right to appeal. Whatever else may have been contained in the order a temporary writ of injunction was granted, and the right of appeal attached from the order granting it.

[2] The statute is imperative in demanding that before the issuance of a writ of injunction the complainant shall execute and file with the clerk a bond to the adverse party, with two or more good and sufficient sureties. There is no exception to this mandatory requirement, except in case the state of Texas is the complainant. Rev. Stats. art. 4654. There is no exception made in a case in which a judge of a trial court may desire to enjoin a party in a case from doing certain things. In no Texas case has it been

---

⚖➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

held that a trial judge has any such power, even though the attempt to do so is coupled with a fine for contempt. There are a few Texas cases in which such action was attempted, but no court has held that a district judge can enjoin a party to a suit without requiring a bond from the complainant.

In the case of Pierson v. Connellee (Tex. Civ. App.) 145 S. W. 1039, the point was made that no bond was given, and the court, quite indecisively, held:

"The second assignment of error is sustained, because the most that can be said is that the trial court may, in the exercise of his discretion in a proper case, order the issuance of a preliminary writ of injunction without requiring of the applicant a bond. There is nothing in the present case, however, to justify the exercise of such a discretion, if it exists under our statute."

This was the opinion of one judge of the Fort Worth Court of Civil Appeals, for the writer proceeds to say:

"Some of the members of this court are inclined to the view that in no case is a judge authorized to order issuance of a preliminary injunction without at the time requiring of the applicant proper security in the form of a bond."

[3] "Some of the members," when there were only two more, must necessarily have meant that a majority of the court were opposed to the idea that a district judge has the discretion to set aside 'the plain mandate of a statute. However, the facts in that case were similar to the facts in this, and, even if the judge had the discretion to issue preliminary writs without a bond, he abused such discretion in this case. He had assumed the right to fine appellants for contempt, and it does not appear reasonable that he needed a writ of injunction to restrain the sale of the land. If appellants were acting in contempt of court, that tribunal had all the authority needed to enforce its jurisdiction without issuing a writ of injunction. We hold that he had no right or authority to issue such writ without a petition, affidavit, or bond. This has heretofore been clearly and plainly held by this court. Marshall v. Spiller (Tex. Civ. App.) 184 S. W. 285; Griffith v. State (Tex. Civ. App.) 210 S. W. 293.

No authority is given anywhere in the laws of Texas for a district judge to grant a preliminary writ of injunction without a petition, but on the other hand, in article 4649, it is provided:

"No writ of injunction shall be granted, unless the applicant therefor shall present his petition to the judge, verified by his affidavit, etc."

In this case there was no application, no affidavit, no bond, although all of them are required by law before an injunction can be granted.

Appellees contend that this court has no jurisdiction of this cause, because it is purely a case of contempt, but if that be true then the trial judge had no authority to draw into it a preliminary restraining order. There was no basis for a writ of injunction in the contempt proceedings, and its issuance is considered just as it would have been had the trial judge proceeded to grant the writ of his own motion in no proceeding whatever. The contempt proceedings added nothing to his authority in the matter of injunctions, but merely served to accentuate the fact that there was no necessity for its issuance. The power to punish for contempt, which was exercised by the court, was fully adequate to enforce the jurisdiction of the court.

In the case of Street Railway v. State (Tex. Civ. App.) 38 S. W. 54, cited by appellees, there is nothing to indicate that a bond was not required. In that case the parties were destroying the matter in litigation. In this the sale could not have changed the status of the parties. A notice of lis pendens would have removed any question of innocent purchaser. The Supreme Court granted a writ in the case cited and reversed the judgment of this court. 90 Tex. 520, 39 S. W. 926, 35 L. R. A. 662, 59 Am. St. Rep. 834. Had the judgment been approved by the Supreme Court we would not recognize it as authority for sanctioning the issuance of a writ of injunction without petition, affidavit, or bond.

We express no opinion as to the contempt proceedings, as that matter is not before this court, although they seem to have been used to nullify a plain contract between the parties to the deed of trust.

The judgment is reversed, and the restraining order set aside.