## HOLLAND TEXAS HYPOTHEEK BANK OF AMSTERDAM, HOLLAND, et al. v. LINSCOME.

### No. 2096.

Court of Civil Appeals of Texas. Beaumont. March 19, 1931.

E. L. Nall, of Beaumont, for appellants.

A. L. Shaw, of Beaumont, for appellee.

WALKER, J.

This is an appeal from an order in chambers, made by the judge of the Fifty-Eighth district court of Jefferson county upon the petition of appellee, A. M. Linscome, granting him a temporary injunction restraining appellants from selling, under a deed of trust, certain property described in appellee's petition and in the deed of trust.

Appellee alleged in his sworn petition that he bought the property in question from Industrial Investment Company, a corporation, for the consideration of $6,500 paid and to be paid as follows, to wit, $1,600 in property as cash, one vendor's lien note for $2,700 executed by appellee to Industrial Investment Company, and the assumption of a certain promissory note against said property for the sum of $2,800 dated October 30, 1925, due five years after its date, payable to the defendant Holland Texas Hypotheek Bank of Amsterdam, Holland. Under the allegations of the petition the $2,800 note was secured by a deed of trust upon the property in controversy. The note was due and the bank was attempting to force its collection by selling the property under its deed of trust after having given due notice of such sale. For grounds of relief appellee alleged that he purchased the property from the Industrial Investment Company upon its representations that the property was worth $6,500 and a bargain at the price; that the improvements thereon were only three years old and were made of good material, all of which representations were alleged to be false. There was no allegation that Holland Texas Hypotheek Bank was a party in any way to the transactions between appellee and Industrial Investment Company, nor was there an allegation that Holland Texas Hypotheek Bank was seeking to hold appellee upon his assumption of the $2,800 note; nor was there an allegation that Industrial Investment Company was not able to respond in damages to any judgment that appellee might recover against

it; nor was there an allegation that the property under the deed of trust sale would not bring enough to pay the $2,800 note in full. The prayer was for temporary injunction, and, upon hearing for cancellation of the $2,700 vendor's lien note, for the recovery of the consideration paid and for release against his promise to pay the $2,800 note, and for general relief.

The temporary injunction was issued upon the following order of the district judge:

"The foregoing petition for injunction being considered it is ordered that the Clerk of the District Court of Jefferson County, Texas, issue a writ of injunction in all things prayed for within the petition of plaintiffs.

"Geo. C. O'Brien, Judge 58th District Court."

The writ of injunction made the following recitation as to the injunction bond: "And, whereas, the said petitioner has executed and filed with the Clerk of said Court, a bond in the sum of $——— Dollars made payable and conditioned as required by law and the fiat of the Judge." Though the order of the judge required no bond, and the injunction did not recite the execution of an injunction bond, appellee, on the same day the writ was issued, filed with the clerk his bond in the sum of $150, which contains the recitation: "The amount fixed by the order of the Judge." As above stated, the judge made no order requiring any bond whatever, so the recitation in the bond as just quoted is without support.

■ The appeal is before us upon briefs by both parties, but no assignments of error were filed in the trial court, nor do we find any assignments of error in the transcript. Upon this ground appellee prays that the appeal be dismissed. The motion is overruled. Under article 4662, R. S. 1925, appeals from orders granting temporary injunctions may be heard by the Court of Civil Appeals without assignments of error. Cameron v. City of Waco (Tex. Civ. App.) 8 S.W.(2d) 249; Smith v. Crank (Tex. Civ. App.) 259 S. W. 989; Moore v. Norton (Tex. Civ. App.) 215 S. W. 373; Lilly v. City of Houston Heights (Tex. Civ. App.) 158 S. W. 189.

■ The provisions of article 4648 requiring the judge to specify in the order granting the writ the amount of the bond to be given by the applicant as a prerequisite to the issuance of the writ of injunction is mandatory. Ex Parte Coward, 110 Tex. 587, 222 S. W. 531; Phoebus v. Connellee (Tex. Civ. App.) 228 S. W. 982; Boykin v. Patterson (Tex. Civ. App.) 214 S. W. 611; Paine v. Carpenter, 51 Tex. Civ. App. 191, 111 S. W. 430, 431; Houston Ice & Brewing Co. v. Clint (Tex. Civ. App.) 159 S. W. 409; Marshall v. Spiller (Tex. Civ. App.) 184 S. W. 285; Cole v. Varner (Tex. Civ. App.) 246 S. W. 410; Farb v. Theis (Tex. Civ. App.) 250 S. W. 290; Pruett v. Fortenberry (Tex. Civ. App.) 254 S. W. 592; West Texas Abstract & Guaranty Co. v. Stolte (Tex. Civ. App.) 256 S. W. 632; Irrigation Co. v. Ford (Tex. Civ. App.) 260 S. W. 277; Griffin v. State, 100 Tex. Cr. R. 641, 274 S. W. 611.

■ The bond executed by appellee in the sum of $150 did not cure the omission in the fiat of the judge in failing to require of appellee the execution of a bond. In Ex parte Coward, 110 Tex. 587, 222 S. W. 531, the Supreme Court said: "The judge was therefore without power to grant the injunction without requiring a bond from the plaintiff, and the injunction was accordingly void."

■ But apart from what has been said, the writ was improvidently granted. Under the allegations of appellee's petition, appellant Holland Texas Hypotheek Bank was in no way a party to the transactions between appellee and Industrial Investment Company. There being no allegation that this appellant was seeking to take advantage of appellee's promise to assume and pay off the $2,800 note, appellee's petition failed to state grounds sustaining the writ of injunction against Holland Texas Hypotheek Bank.

For the reasons stated, the judgment of the lower court is reversed, and the temporary injunction dissolved.