## CLEMENTS et ux. v. MURPHY.
### No. 1091.

Court of Civil Appeals of Texas. Eastland.

Dec. 9, 1932.

J. Lee Cearley and J. D. Barker, both of Cisco, for appellants.

M. E. Lawrence, of Eastland, for appellee.

HICKMAN, C. J.

The appeal is from an order overruling a motion to dissolve a temporary injunction. The statement of facts consists of a little more than one page and discloses that Murphy was the owner of a tract of land in Eastland county, upon which Clements and wife had been tenants for several years; that the rental which had been paid during recent years was $300 annually; that in the fall of 1931 the parties made an oral contract for the rental of the land during the year 1932 for $300; and that said sum had not been paid on the date of the hearing and no note executed therefor. Prior to the filing of the motion to dissolve the injunction the trial judge, in chambers, in an ex parte proceeding had issued his fiat directing the clerk forthwith to issue a writ of mandatory injunction commanding appellants to vacate the premises within twenty days.

The injunction must be dissolved for at least two reasons: (1) The appellee had an adequate remedy at law. The suit involved possession of real estate held by appellants as tenants of appellee and should have been brought either in the justice court under the forcible entry and detainer statutes, or in the district court in the form of trespass to try title, in which latter action a writ of sequestration could have been procured. (2) The order granting the mandatory injunction did not specify that the appellee should make bond in any sum. In article 4648, R. S. 1925, it is provided: "The judge shall also specify in such order the amount of the bond to be given by the applicant as a prerequisite to the issuance of the writ."

This provision is mandatory. Ex parte Coward, 110 Tex. 587, 222 S. W. 531; Holland, etc., v. Linscome (Tex. Civ. App.) 37 S. W.(2d) 268, and the many authorities there cited.

The judgment of the court below will be reversed, and judgment here rendered dissolving the injunction.