### ROOSTH et al. v. ROOSTH.

#### No. 6130.

Court of Civil Appeals of Texas. Texarkana.

June 16, 1944.

Rehearing Denied June 29, 1944.

Mayfield, James & Lee and W. Edward Lee, all of Tyler, and Mat Barton, of Overton, for appellants.

Weeks, Hankerson & Surles, of Tyler, for appellee.

WILLIAMS, Justice.

In the suit filed by Mrs. Jennie Roosth against Sam Roosth for divorce and for a division of their community estate, she also named as defendants Bennie Roosth and other children of Sam Roosth by a former marriage. During the pendency of above suit a commission was issued to take oral deposition of Bennie Roosth, a son; Gus P. Rosenthal, a bookkeeper, and others. During the progress of taking above deposition and after Bennie Roosth and others had given certain testimony, the notary public issued a subpoena duces tecum commanding Bennie Roosth and others to produce before her certain ledgers, cash books, cancelled checks and cashier's checks allegedly relating to the community estate and theretofore disclosed in the testimony of Bennie Roosth to be in his possession. Thereupon Sam Roosth individually and as trustee for one of the children and Bennie Roosth for himself and as guardian ad litem for some of the children filed in the district court their joint motion to quash the subpoena duces tecum. Mrs. Jennie Roosth joined issue in her reply motion and in lengthy allegations set up certain testimony that had been developed in the hearing before the notary public, and in her concluding paragraph, seeking in the alternative for affirmative relief, alleged:

"Plaintiff further says that if it should be held that the Notary Public has no authority to issue a subpoena duces tecum then that the court should order the issuance of same to the witness Gus P. Rosenthal and to the said Bennie Roosth, a defendant herein, for the same books and papers as are herein described and as referred to in the subpoena duces tecum herein mentioned. That said parties are now in the midst of taking said depositions, that

said books, papers and documents are valuable and said subpoena should be returnable instanter so that the ends of justice may not be defeated and unduly delayed.

"The Plaintiff, for the protection of her said property interest, is entitled to have this Honorable Court issue an interlocutory order restraining the said Bennie Roosth who is now before this Court in person and by attorney, from removing any books and papers from the office where they have been customarily kept without first securing from this Court authority so to do. This is necessary in order that said books and papers may not be destroyed and secreted and placed beyond the reach of this Court and the reach of this Plaintiff in her effort to prove the amount and share of said community property belonging to her, which she is seeking to recover.

"The Plaintiff further says that said Defendant Bennie Roosth, being present in this Court at this time in person and by Attorney, should be ordered by said Court to produce said Cashier's Checks and cash, which he has withdrawn from said Tyler State Bank & Trust Company, and representing the income from the sales of oil from said properties, and that after said checks and money has been listed by the Notary taking said deposition, that the said Bennie Roosth should be required to deposit in cash and checks in a special account in said bank, or should be required to place same in a bank box in the vault of said bank for safe-keeping and where same should be held to abide the final judgment of this Court. That the said Bennie Roosth should be restrained from using any of said funds without first obtaining an order of this Court. That these orders are necessary to preserve the property that forms a part of the subject matter of this suit, in order that same may be forthcoming to abide the judgment of the Court.

"Wherefore, premises considered, Plaintiff prays that said Motion to Quash be denied, and in the alternative that the Court issue said subpoena duces tecum, as herein requested, and said Plaintiff prays for the further relief by said interlocutory orders as herein described for the protection and preservation of the subject matter of this suit during its pendency."

This reply motion seeking above relief was without verification.

The court overruled defendants' motion to strike all affirmative matters alleged in above reply of plaintiff's motion. After hearing on the motion to quash and plaintiff's plea for affirmative relief, the court entered its order which reads:

"Order for Impounding of Funds.

"Be it remembered, that on the 28th day of February, 1944, at a hearing upon a Motion to Quash a subpoena duces tecum, and upon the reply thereto, evidence was introduced before this court disclosing that Bennie Roosth, a Defendant, now has in his possession in the form of Cashier's Checks, or in some form, property of the value of more than $80,000.00 and that probably same is in the form of Cashier's Checks, which the Defendant Bennie Roosth testified he was keeping in his bakery in the City of Tyler, Smith County, Texas. He further testified that he took said funds, a portion of which, at least, represented income to his father, himself and his six brothers, all Defendants in this suit. That Plaintiff seeks in this suit to have said property adjudged community property and seeks to have an accounting and partition thereof. The said Bennie Roosth testified that he anticipated Plaintiff would attempt to reach said funds and property for said purposes, and to prevent her from reaching same, he decided to hold said property himself with the purpose and intent of secreting same from her and preventing her from reaching same in this suit.

"The Court finds that said funds and property are a part of the subject matter of this suit and for the protection of all parties to the suit, should be preserved in some safe way to abide the final judgment in this cause.

"It is, therefore, ordered that the said Bennie Roosth, after first producing said Cashier's Checks before said Notary for the purpose of being interrogated regarding same and having same listed by the Notary in accordance with the subpoena duces tecum ordered to be issued this day out of this Court, shall forthwith deposit said funds in the Tyler State Bank & Trust Company, and being the banking institution which the Defendants use in the City of Tyler, and being the institution in which the Plaintiff agrees said funds may be placed. That said funds shall be deposited in a Special Account in the name of Bennie Roosth, Special; that said funds shall not be withdrawn from said bank except by the said Bennie Roosth, and then only under specific orders of this Court permitting the withdrawal of same."

From this order defendants have perfected their appeal. They have filed a supersedeas bond.

Appellee contends in her motion to dismiss the appeal, first, that above order dated February 28, 1944, is an interlocutory one entered by the court in a divorce suit respecting the property of the parties as authorized by Article 4636, Vernon's T. C. S., and no appeal therefrom is allowed by law; and second, if said order can be construed as a temporary injunction, it is not appealable because said order was entered by the trial court in a pending suit for divorce under the provisions of Article 4636, supra, such article not being a part of Title 76 (Injunction), Vernon's T. C. S., which is the only title authorizing an appeal from a temporary injunction.

 Article 4636, supra, reads: "Pending suit for a divorce the court, or the judge thereof, may make such temporary orders respecting the property and parties as shall be deemed necessary and equitable."

This article being a part of Chapter 4 (Divorce) of Title 75 (husband and wife), Vernon's T. C. S., relates to orders which may be directed in behalf of one spouse as against the other spouse. Bennie Roosth is a third party to such relationship of husband and wife. It is therefore concluded that the order in controversy so far as it commands the defendant Bennie Roosth "to deposit said funds in the bank and same not to be withdrawn except under specific orders from the court", is unauthorized by the provisions of Article 4636, supra.

 Title 76, Vernon's T. C. S., should be looked to for authority to enter the decree last herein set out as against Bennie Roosth, a third party. As against him it is in effect a temporary injunction, both mandatory and restraining in nature. So classified, an appeal is authorized under Article 2251, R. C. S., and Article 4662 of Title 76, supra. The decree not having been issued upon a verified application as required by Rule 682, T. R. C. P., and no bond having been required and none given by appellant as required by Rule 684, T. R. C. P., such decree is invalid. Ex parte Coward, 110 Tex. 587, 222 S.W. 531; Rudasill v. Rudasill, Tex.Civ.App., 206 S.W. 983, 988.

The authority of the trial court to issue a decree directed against the husband without complying with Rules 682 and 684, supra, is not here involved.

From the conclusions above stated, the judgment is reversed and here entered vacating that portion of the decree last hereinabove set out, without prejudice in future proceedings on amended petition and procedural requirements. The judgment is reversed and vacated without prejudice.