CRITTENDEN v. HECKMAN et al.

No. 11466.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 7, 1945.

B. D. Kimbrough and Lee Minner, both of McAllen, for appellant.

W. B. Spell, of McAllen, for appellees.

NORVELL, Justice.

This is an appeal from an order granting a temporary injunction. Appellees have filed no brief in this Court, consequently we take as correct the statements made in appellant's brief as to the facts. Rule 419, Texas Rules of Civil Procedure.

We conclude that the temporary injunction issued by the trial court must be vacated as the order providing for the injunction did not require the appellees as plaintiffs below to execute and file a bond with the clerk of said court, as is required by Rule 684, R. C. P. The order appealed from provided that plaintiffs should not be required to execute and file a bond.

Rule 684, R.C.P., is largely taken from Article 4649, 1925 R. C. S. In Ex parte Coward, 110 Tex. 587, 222 S.W. 531, the Supreme Court held that:

"Under the statute the giving of a bond is made a condition precedent to the issuance of an injunction. This requirement applies to divorce suits brought by the wife, notwithstanding Articles 4638 and 4639 (4635 and 4636, Vernon's Ann.Civ. Stats.). Wright v. Wright, 3 Tex. 168. The Judge was therefore without power to grant the injunction without requiring a bond from the plaintiff, and the injunction was accordingly void. Williams v. Huff, Dallam [Dig.] 554; Diehl v. Friester, 37 Ohio St. 473; Lawton v. Richardson, 115 Mich. 12, 72 N.W. 988."

In Holland Texas Hypotheek Bank of Amsterdam, Holland, v. Linscome, Tex. Civ.App., 37 S.W.2d 268, 269, it was said:

"The provisions of article 4648 requiring the judge to specify in the order granting the writ the amount of the bond to be given by the applicant as a prerequisite to the issuance of the writ of injunction is mandatory. Ex parte Coward, 110 Tex. 587, 222 S.W. 531; Phoebus v. Connellee, Tex.Civ.App., 228 S.W. 982; Boykin v. Patterson, Tex.Civ.App., 214 S.W. 611; Paine v. Carpenter, 51 Tex.Civ.App. 191, 111 S.W. 430, 431; Houston Ice & Brewing Co. v. Clint, Tex.Civ.App., 159 S.W. 409; Marshall v. Spiller, Tex.Civ.App., 184 S.W. 285; Cole v. Varner, Tex.Civ. App., 246 S.W. 410; Farb v. Theis, Tex. Civ.App., 250 S.W. 290; Pruett v. Fortenberry, Tex.Civ.App., 254 S.W. 592; West Texas Abstract & Guaranty Co. v. Stolte, Tex.Civ.App., 256 S.W. 632; [American Rio Grande Land &] Irrigation Co. v. Ford, Tex.Civ.App., 260 S.W. 277; Griffin v. State, 100 Tex.Cr.R. 641, 274 S.W. 611.

"The bond executed by appellee in the sum of $150 did not cure the omission in the fiat of the judge in failing to require of appellee the execution of a bond. In

Ex parte Coward, 110 Tex. 587, 222 S.W. 531, the Supreme Court said: 'The judge was therefore without power to grant the injunction without requiring a bond from the plaintiff, and the injunction was accordingly void.' "

By an amendment to the Rules of Civil Procedure effective December 31, 1943, the Supreme Court adopted Rule 693-a, which reads as follows:

"Bond in divorce case. In a divorce case the court in its discretion may dispense with the necessity of a bond in connection with an ancillary injunction in behalf of one spouse against the other."

This rule is not applicable to the case at bar. It does appear that at one time appellant and appellee Katherine Heckman were husband and wife. A decree dissolving this marriage was rendered by the District of Hidalgo County on April 6, 1944. For some reason, seemingly as a result of an agreement of the parties, the District Court did not provide for a division of the community property in the decree. This property is the subject matter of the present litigation. For a discussion of property rights under such circumstances, see 15 Tex.Jur. 596, § 117.

Since the divorce of April 6, 1944, the appellee has married again and her husband joins in this suit.

This suit is not a "divorce case," within the meaning of the rule, nor was the temporary injunction here complained of issued "in behalf of one spouse against the other."

The order appealed from is reversed and the temporary injunction vacated.

Reversed and rendered.