Horace Grady **LANCASTER** et al., Appellants,

v.

Nettie Louise **LANCASTER**, Appellee.

No. 3251.

Court of Civil Appeals of Texas.

Waco.

March 31, 1955.

Rehearing Denied April 21, 1955.

Sanders & Stanford, Canton, Wynne & Wynne, Wills Point, for appellants.

Justice, Justice & Rowan, Athens, for appellee.

McDONALD, Chief Justice.

This case arises out of a conflict of jurisdiction between the District Court of Henderson County and the District Court of Van Zandt County. On *12 February 1954* plaintiff-appellee Nettie Louise Lancaster filed suit for divorce and division of community property against her husband, H. G. Lancaster, in the District Court of Henderson County. Also included as defendants were H. G. Lancaster's two sons by a prior marriage, Grady and Kenneth Lancaster, and two banks in which it was alleged were funds belonging to the community estate.

Among the property sought to be divided were approximately 200 head of cattle located in Van Zandt County.

The foregoing suit remained on the docket of the District Court of Henderson County.

On *7 August 1954* appellant Addie Lavada Lancaster (who was the first wife of H. G. Lancaster and the mother of Grady and Kenneth Lancaster) filed suit in the District Court of Van Zandt County against H. G. Lancaster, Nettie Louise Lancaster and Grady and Kenneth Lancaster, alleging an interest in the cattle previously mentioned in the suit filed by Nettie Louise Lancaster in Henderson County. Addie Lavada Lancaster sought a partition of the cattle and prayed for the appointment of a receiver to take charge of the cattle. The District Court of Van Zandt County set a hearing on the receivership for *20 August 1954*.

On *14 August 1954* (and after being served with citation in the Van Zandt County suit) Nettie Louise Lancaster filed her first amended petition in her divorce case in Henderson County, making Addie Lavada Lancaster a party defendant, and alleging that Addie Lavada Lancaster was fraudulently claiming some interest in the cattle located in Van Zandt County.

Thereafter *Nettie Louise Lancaster filed her plea in abatement in the District Court of Van Zandt County*, asking that the Van Zandt County suit be abated due to the prior pendency of the Henderson County case against all parties involved in the Van Zandt County case. The hearing on the plea in abatement was set to be heard on *20 August 1954,* but was passed by agreement on account of the illness of one of Nettie Louise Lancaster's attorneys and for the further reason the Trial Judge wanted to take a trip on that date.

On *26 August 1954* attorneys for Addie Lavada Lancaster notified attorneys for Nettie Louise Lancaster that hearing in the Van Zandt County suit was set for *3 September 1954*.

On *27 August 1954* Addie Lavada Lancaster filed her plea of privilege in the Henderson County suit, asserting her privilege to be sued in Van Zandt County, the county of her residence. Such plea was controverted by Nettie Louise Lancaster, but has not been heard or acted on by the District Court of Henderson County.

On *30 August 1954* Nettie Louise Lancaster filed her second amended petition

in her Henderson County divorce suit, in which she made as additional defendants the attorneys for Addie Lavada Lancaster, and asked for a temporary restraining order against *all defendants from further proceeding* in the Van Zandt County suit. The District Court of Henderson County held that it had theretofore acquired jurisdiction of the same identical cause of action as was pending in Van Zandt County; that it was pending between the same parties; and temporarily restrained all defendants from *further proceeding* in the Van Zandt County suit. Upon hearing on 5 October 1954 temporary injunction was granted against all defendants (including attorneys) enjoining them from *"further proceeding"* in the Van Zandt County suit.

The District Court of Henderson County issued the temporary injunction without requiring the plaintiff-appellee Nettie Louise Lancaster to make any bond.

From the foregoing injunction defendants appeal to this court, asserting: 1) That plaintiff's suit being one for divorce, the District Court of Henderson County had no power or authority to bring in third parties who resided outside Henderson County into the litigation and force them by injunction to litigate their claims in the District Court of Henderson County. 2) That plaintiff Nettie Louise Lancaster having filed her plea in abatement in the District Court of Van Zandt County, and having continued the hearing on same by agreement, it was error for the District Court of Henderson County to enjoin proceedings in the District Court of Van Zandt County, more especially a hearing on the plea in abatement filed by Nettie Louise Lancaster. 3) Other parties having been brought into a divorce action, it was error for the Trial Court to issue an injunction without bond as to third parties defendant involved in said litigation.

Appellants' 1st and 2nd Points will be discussed together. The real question therein presented is: Which of the two District Courts ought to be allowed to exercise active and dominant jurisdiction over Addie Lavada Lancaster's rights under the facts?

Our Supreme Court has laid down three applicable rules to the situation here presented:

1) Where a suit has been first filed in a court of competent jurisdiction, and such court has all *necessary parties* before it, or has the power to bring them before it, it has the right to exercise active jurisdiction of such case, and no other court in this state in which such suit is subsequently filed has any right whatsoever and the parties and attorneys can be enjoined from proceeding in such second suit. Further, where the jurisdiction of a District Court attaches it has the power to permit pleadings to be amended and new parties to be made; and the amended pleadings and the new parties made both relate back to the date upon which the suit was originally filed, insofar as any jurisdictional question is concerned. Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063; 11 Tex.Jur. p. 787; Conn v. Campbell, 119 Tex. 82, 24 S.W.2d 813.

2) In a divorce case determination of the rights of property is a part of the very divorce action itself. The husband and wife are necessary parties. *But a nonresident third party having an interest in the community property is not a necessary nor a proper party against his will and cannot be forced to litigate his interest in the property in the court having jurisdiction of the divorce case.* Ex parte Scott, 133 Tex. 1, 123 S.W.2d 306, 307; Scott v. Scott, Tex.Civ.App., 126 S.W.2d 525. The logic of the above rule is obvious. A divorce case can be filed in any county where the plaintiff has lived for 6 months. To require a third party who happened to have some interest in property partially owned by the parties to the divorce to litigate his interest in some distant county where one spouse moved to and lived for 6 months would be inequitable.

3) The general rule as laid down in Cleveland v. Ward, supra, is modified where a party files a *plea in abatement* in the subsequently filed suit. In such a case the party filing the plea in abatement is estopped from asserting the prior active

jurisdiction of the court in which suit was first filed, and the court in the later filed suit has jurisdiction to act on the plea in abatement. It necessarily follows that in such situation, the parties cannot be enjoined by the court where the case was first filed from proceeding in the court where the case was subsequently filed and where plea in abatement is pending. Russell v. Taylor, 121 Tex. 450, 49 S.W.2d 733; V. D. Anderson Co. v. Young, 128 Tex. 631, 101 S.W.2d 798.

█ In the case at bar we have a situation where Nettie Louise Lancaster as plaintiff filed a divorce and property division suit in Henderson County. Among the defendants was a third party nonresident, Addie Lavada Lancaster, who claimed some interest in the community property sought to be divided in the divorce action. Addie Lavada Lancaster filed a plea of privilege in the Henderson County case and filed a suit of her own for division of the disputed property in Van Zandt County. Nettie Louise Lancaster filed a plea in abatement in the Van Zandt County case and by agreement continued the hearing on same. In this state of the record, and before the hearing on the plea in abatement, Nettie Louise Lancaster secured injunction against Addie Lavada Lancaster and her attorneys from proceeding in the Van Zandt County case.

The question is: Was the injunction properly granted? We answer the foregoing question "No". The injunction was not properly issued because: 1) The basic suit being one for divorce, and Addie Lavada Lancaster being a nonresident third party, was *not a necessary party* to the case, and could file a case to adjudicate her interest in any court which had jurisdiction of her controversy. Such being the case, the rule of Cleveland v. Ward, supra, would not be applicable and the parties could not be enjoined from proceeding by the court having jurisdiction of the divorce case; Ex parte Scott, supra. 2) Nettie Louise Lancaster, plaintiff in the first case filed, and defendant in the second case filed, filed a plea in abatement in the sec-

ond case filed. This filing of the plea in abatement gives the second court the right to hear the plea in abatement, and takes away from the first court the right of enjoining the parties from proceeding in the second court, regardless of all other considerations; Russell v. Taylor, and V. D. Anderson Co. v. Young, supra.

. The District Court of Van Zandt County, under the facts here presented, had dominant active jurisdiction over Addie Lavada Lancaster's suit and the parties should not have been enjoined from proceeding therein.

Defendant's 3rd Point contends that it was error for the Trial Court to issue an injunction against third parties to a divorce case without requiring an injunction bond as is required by Rule 684, Texas Rules of Civil Procedure. This rule provides that in the order granting any temporary restraining order or temporary injunction the court shall fix the amount of security to be given by applicant, and that the clerk is not to issue the injunction until the bond has been made.

█ Injunctions in divorce cases as between the principal parties do not require a bond within the discretion of the court. But a bond is required as to injunctions against third parties to the divorce. Article 4649, R.C.S., preceded Rule 684, Texas Rules of Civil Procedure and our courts held that the provisions of that statute were mandatory rather than directory. Marshall v. Spiller, Tex.Civ. App., 184 S.W. 285; Boykin v. Patterson, Tex.Civ.App., 214 S.W. 611; Phoebus v. Connellee, Tex.Civ.App., 228 S.W. 982; Cole v. Varner, Tex.Civ.App., 246 S.W. 410; Farb v. Theis, Tex.Civ.App., 250 S. W. 290; West Texas Abstract & Guaranty Co. v. Stolte, Tex.Civ.App., 256 S.W. 632; Holland Texas Hypotheek Bank v. Linscome, Tex.Civ.App., 37 S.W.2d 268; Corzelius v. Cosby Producing & Royalty Co., Tex.Civ.App., 52 S.W.2d 270; Clements v. Murphy, Tex.Civ.App., 54 S.W.2d 1047; Alpha Petroleum Co. v. Railroad Comm., Tex.Civ.App., 59 S.W.2d 374; San Felipe Independent School Dist. v. Nelson, Tex.

Civ.App., 74 S.W.2d 136; Ex parte Coward, 110 Tex. 587, 222 S.W. 531; Johnson v. McMahan, Tex.Civ.App., 40 S.W.2d 920, writ ref.

Since the passage of Rule 684 our courts have held the rule mandatory and the issuance of the injunction without the bond void. Holman v. Holman, Tex.Civ.App., 189 S.W.2d 76; Roosth v. Roosth, Tex. Civ.App., 181 S.W.2d 974.

While we are aware that there may be some isolated cases with expressions to the contrary, we hold that Rule 684 is mandatory rather than directory, and that since no bond was required by the Trial Court or made in the case at bar, the injunction was void for this reason.

In keeping with the foregoing it follows that the judgment of the Trial Court is Reversed; the injunction held to be void for the reasons stated in all of plaintiff's Points; and the cause is remanded for further proceedings not inconsistent with the views herein expressed.

Reversed and remanded.