James B. SIMPSON, Appellant,

v.

Modesta SIMPSON, Appellee.

No. 3852.

Court of Civil Appeals of Texas.

Eastland.

March 13, 1964.

George Thomas, Big Spring, Pat Baskin, Midland, for appellant.

Grover Cunningham, Jr., Big Spring, for appellee.

GRISSOM, Chief Justice.

James B. Simpson has appealed from an order granting a temporary injunction, without requiring a bond, in a purported divorce case. Upon a hearing of an application for a temporary injunction by Modesta Simpson, both parties testified, in effect, that they were not married; that the former husband had obtained a divorce in Old Mexico from Modesta Simpson and had married another woman. Mrs. Simpson testified that Mr. Simpson is not now her husband; that he had previously presented her with a judgment of a Mexican court granting him a divorce from her, whereupon, they had executed a prior agreement and she had paid him $20,000.00 in satisfaction of his claim to an interest in a ranch and, thereafter he married another woman, and that she brought this suit simply because her former husband required a Texas divorce and sheriff to move him from her ranch. Texas Rules of Civil Procedure, rule 684 requires execution of a bond before issuance of a temporary injunction. R.C.P. 693–a provides an exception to that rule by stating that in a "divorce case" the court may dispense with the necessity of a bond in connection with an ancillary injunction in behalf of one "spouse" against the other. It is evident from all the evidence, particularly that of the plaintiff who obtained the injunction, that Mrs. Simpson does not have a probable right to recover a divorce; that this is not, in reality, a divorce case and that the injunction was not issued in behalf of one "spouse" against another "spouse." Therefore, the exception to requirement of a bond as a prerequisite to an injunction provided by Rule 693–a is not applicable. It was so held by our Supreme Court in Lancaster v. Lancaster, 155 Tex. 528, 291 S. W.2d 303, 308 and in Crittenden v. Heckman, Tex.Civ.App., 185 S.W.2d 495, 496. See also Ex parte Coward, 110 Tex. 587; 222 S.W. 531; Camp v. Shannon, 162 Tex. 515, 348 S.W.2d 517 and Gray v. Gray, Tex.Civ.App., 354 S.W.2d 948, (Writ Dis.).

The order appealed from is reversed and the temporary injunction is vacated.