## WILSON et ux. v. STATE.
### No. 2876.

Court of Civil Appeals of Texas. El Paso.
April 6, 1933.

L. A. Dale, of Pecos, for appellants.

Wm. L. Kerr, Dist. Atty., of Pecos, for the State.

PER CURIAM.

This suit was brought by the district attorney for the 109th judicial district seeking to enjoin appellants from maintaining a nuisance in a certain frame building located on lots 15, 16, and 17, block 16, in the town of Monahans, Tex., commonly called "Blackies Place," as the same is defined in article 4664, Revised Statutes.

The following affidavit was affixed to the petition: "Before me, the undersigned authority, on this day personally appeared William L. Kerr, District Attorney, 109th Judicial District of Texas, who, after being by me duly sworn, deposes and says that within and foregoing facts and conditions are true and that the statements in this petition are true, according to his information and belief, based upon information reported to him by credible persons."

On the same day the petition was presented, the trial court, without any notice to or appearance by appellants, entered the following order: "The foregoing petition examined by me this 16th day of March, A. D. 1933, and said temporary injunction as prayed for granted and that the clerk of this court will issue such writ enjoining the defendants, F. S. Wilson and wife, Mrs. F. S. Wilson, from using premises described in petition as a nuisance and abating the same and enjoining said place from being used as a place where intoxicating liquors are kept, possessed, sold, manufactured, bartered and given away and restraining the illegal handling of intoxicating liquors as set out in the petition. And this cause is set for final hearing at 10 o'clock A. M., May 15th, 1933, at the court house in Barstow, Ward County, Texas, at which time the defendants will appear and answer this cause."

From the above order appellants have prosecuted an appeal.

Opinion.

Appellants attack the order on two grounds, viz.: (1) That the verification of the petition, being on information and belief, is not a sufficient compliance with article 4647, R. S., and will not warrant the granting of a temporary injunction; and (2) that no bond was given by appellee as required by article 4648, R. S.

Appellee, on the other hand, contends that under the provisions of article 4666, Revised Statutes, where a suit is filed by a district attorney, an affidavit by him that he has reliable information as to the existence of the facts alleged is sufficient.

The statute referred to reads, in part: "Whenever the Attorney General, or the district or county attorney has reliable information that such a nuisance exists, either of them shall file suit in the name of this State in the county where the nuisance is alleged to exist against whoever maintains such nuisance to abate and enjoin the same."

It appears to be well settled in this state that the verification of a petition for an injunction made upon information and belief will not support the issuance of a temporary injunction. Zanes v. Mercantile Bank & Trust Co. of Texas (Tex. Civ. App.) 49 S.W. (2d) 922 (writ refused); State Banking Board v. Smyth (Tex. Civ. App.) 2 S.W.(2d) 536; Robertson v. Economy Plumbing Co. (Tex. Civ. App.) 269 S. W. 481; West Texas Abstract & Guaranty Co. v. Stolte (Tex. Civ. App.) 256 S. W. 632; Butler v. Remington (Tex. Civ. App.) 230 S. W. 224.

This would especially be applicable in a case where the injunction was issued ex parte.

Under the above-quoted provision, we think it clear that the court would be authorized to entertain the petition of a district attorney where the record revealed that he had reliable information as to the facts alleged and that the court could, upon such a petition, and upon final hearing, if the facts as alleged were shown to exist, abate the nuisance and enjoin the acts complained of; but we cannot agree that the court would have the power to grant a temporary injunction ex parte upon such a verification.

It has long been held that courts should exercise their power to grant injunctions with great caution and only where the reason and necessity therefor are clearly established. 32 C. J. p. 33. And in the present case, under the verification appearing to the petition, the court was in no position to pass upon the necessity for the issuance of the writ. The only fact before him upon which he could depend as to the truth of the allegations was that some person, whom the district attorney had thought to be credible, had informed him that the facts existed.

To give to the statute the construction contended for by appellee would, in effect, be to say that a court could grant a temporary injunction upon information which satisfied the district attorney and that it would not be necessary for the court itself to be apprised of any facts.

This we cannot believe the Legislature intended.

In view of the above holding it will be unnecessary to discuss the remaining question relative to the giving of the bond.

Being of the opinion that the court erred in granting the temporary injunction upon the affidavit above quoted, the temporary injunction will be dissolved.