facts stated in the said petition are true and correct according to the information and belief of affiant." It is well settled in this state that a petition thus verified does not authorize the appointment of a receiver without a hearing. Alto Cotton Oil & Mfg. Co. v. Berryman (Tex. Civ. App.) 218 S. W. 513; Zanes v. Lyons (Tex. Civ. App.) 36 S.W.(2d) 544.

The judgment of the trial court appointing a receiver is reversed and the cause remanded.

## GOODSON et al. v. GILMER OIL & REFINING CO.

### No. 4781.

Court of Civil Appeals of Texas. Texarkana.
Sept. 27, 1934.

Roy Starnes, of Gladewater, for appellants.

Milton Greer Mell and Gus Morris, both of Gilmer, for appellees.

SELLERS, Justice.

This appeal is from an interlocutory order appointing a receiver without notice made and entered by the district court of Upshur county, authorizing such receiver to take charge of and operate a certain refinery over which the litigation in the main suit is involved.

The petition for the receiver is signed by the attorney for the plaintiff and verified by him in the following language: "And the