## SMITH v. STATE.

No. 10602.

Court of Civil Appeals of Texas. Galveston.

March 25, 1937.

James J. Shaw, of Houston, for appellant.

Wm. McCraw, Atty. Gen., Curtis E. Hill, Asst. Atty. Gen., and David E. Hume, of Eagle Pass, for the State.

CODY, Justice.

The court below granted the Railroad Commission of the State of Texas, acting through the State by the Attorney General, a temporary writ of injunction, upon an ex parte hearing, against E. G. Smith, doing business as Southern Motor Lines. From that action Smith has appealed. As the injunction was issued without a hearing to the defendant, the sole question here is the sufficiency of the pleadings to sustain such action.

The petition alleges, in substance that the defendant operates as a "motor carrier,"

as defined in subsection (g), § 1, art. 911b, Vernon's Ann.Civ.St., between Houston, Beaumont, and Port Arthur, by virtue of a common carrier certificate issued him by the commission; that before the acts of transportation complained of, the commission had adopted and rendered effective certain rates to be collected by motor carriers for transportation of certain commodities, and thereby required motor carriers to charge such rates for the transportation of such commodities between Houston, Beaumont, and Port Arthur, said rates being shown under columns headed "Should have been billed and settled," in the attached Exhibit A; that defendant, in violation of the rules fixing such rates, knowingly and unlawfully transported such commodities at lower rates than those fixed by the commission. A detailed statement with reference to the shipments involved showed their dates, shippers, consignees, destination, bill numbers, articles, weights, rates actually charged, freight collected, the rates which it is alleged should have been exacted, and the freight which should have been collected, and the amounts of the undercharges alleged to have been made with reference to each shipment, are set forth, itemized, and tabulated in Exhibit A, in the form usually employed in suits regarding undercharges and overcharges. And the petition further alleged that defendant on said dates had consistently violated the rules, rates, and regulations of the commission, and charged lower rates than the prescribed ones, and that he threatens to and will continue such violations unless restrained by injunction. The petition closed with a prayer for penalties provided for such violations, and for a temporary injunction restraining defendant from further transporting commodities, particularly those specified, at lower than the prescribed rates, and from further violating the rules, rates, and orders of the commission, and for the injunction to be made permanent.

■ While it is true that a trial judge has the power to grant a temporary injunction without notice to the other party, it is only in the rarest cases that it is proper to do so. "In every conceivable case, no matter how pressing the emergency, a temporary restraining order (well known in our practice as distinguished from a temporary injunction), restraining the defendant and preserving the status until such time as the application for temporary injunction can be heard after notice to the defendant, is all that is necessary. In this way both parties can be heard before passing upon the application, and many times a serious mistake avoided. In addition, in case of an appeal, the appellate court will have something more before it than the naked ex parte allegations of the petition. There can be no possible objection to the course here suggested." Holman v. Cowden & Sutherland (Tex.Civ.App.) 158 S.W. 571, 573, as quoted with approval in Soto v. State (Tex.Civ. App.) 171 S.W. 279, at page 281. The duty was therefore on the appellee to have applied to the trial court for a hearing before the issuance of the temporary injunction, rather than, as here urged, that of appellant to apply to the trial court to dissolve it, before appealing.

■ In Gillis v. Rosenheimer, 64 Tex. 243, 246, our Supreme Court approved the following: "The rule of pleading, that the statements of a party are to be taken most strongly against himself, is re-inforced in injunction suits by the further requirement that the material and essential elements which entitle him to relief shall be sufficiently certain to negative every reasonable inference arising upon the fact so stated, from which it might be deduced that he might not, under other supposable facts connected with the subject, thus be entitled to relief."

And in the article on Injunctions, 24 Tex. Jur. 169, the rule applying to pleading, amply supported by cited authorities, is thus stated: "In accordance with the established rules of pleading, allegations of fact in a suit for injunctions must be direct, certain and particular; they should not be in the form of conclusions of fact or of law."

■ The petition should therefore have stated the facts on which the pleader bases his conclusion that the defendant should have paid the charges, the failure to do which, he alleges, resulted in undercharges. In the preparation of the tabulated Exhibit A, attached to the petition, recourse was evidently had to one or more orders of the commission, prescribing rates, classifications, etc., from which the conclusions were drawn that defendant was bound by law to make the charges shown under the heading "Should have been billed and settled." The facts from which such conclusions were drawn are not such as the courts know judicially, and should have been pleaded so that the court could determine for itself whether the conclusions of the pleader are just. The allegations of the petition, which also constitute the evidence,

are insufficient to have authorized the issuance of the injunction.

We have carefully considered the authorities cited by appellee. None of them are contrary to our views here expressed. The judgment of the trial court granting the temporary injunction is reversed and rendered, and the temporary injunction dissolved.

Reversed and rendered.