## LOWER COLORADO RIVER AUTHORITY et al. v. GULF COAST WATER CO.

### No. 10685.

Court of Civil Appeals of Texas. Galveston.

Aug. 3, 1937.

A. J. Wirtz, of Austin, for appellants.

Touchstone, Wight, Gormley & Price and R. B. Holland, all of Dallas, for appellee.

GRAVES, Justice.

This appeal by the Lower Colorado River Authority, a body politic and corporate, created under article 16, section 59, of the Constitution of Texas, and the

enabling act of the Legislature pursuant thereto, appearing as chapter 7, Acts of the Fourth Called Session of the Forty-Third Legislature (Vernon's Ann.Civ.St. art. 8194 note), is from a temporary mandatory writ of injunction issued without notice and without hearing, on July 28 of 1937, by the judge of the Twenty-Third district court of Matagorda county in chambers, in favor of the appellee, a private corporation engaged in the irrigation business in Wharton and Matagorda counties, whereby the appellant Authority was peremptorily ordered to forthwith begin releasing from its storage reservoir behind Buchanan Dam into the regular channel of the Colorado river, for the benefit of the appellee and its properties down in Matagorda and Wharton counties, at least fifteen hundred cubic feet per second of water from such reservoir, and to continuously thereafter so release that quantity of water for a period of two weeks time from the date of the order.

This action followed the presentation by the appellee to the judge—the appellant, as stated, not having been heard in the matter nor notified of the imminency thereof—of a petition or bill for such a temporary writ, wherein it prayed as follows:

"* * * plaintiff prays for a temporary writ of injunction against the defendants, and each of them, and their servants, agents and employees, that the said defendants be enjoined and restrained from impounding the waters of the Colorado River behind Buchanan Dam so as to prevent the ordinary flow of the waters of said river to continue in its natural course down said stream, and that the said defendants be required to permit the escape from said Buchanan Dam of not less than 1,500 cubic feet of water per second for a period of two weeks from the date of the court's order granting such injunction, and that they be enjoined from doing any act tending to divert the waters of the ordinary flow of the said Colorado River or in any manner interfering with, damaging, or injuring the said plaintiff's water rights, permits, and lands owned and used by it, that the defendants be cited to answer this petition, and that on final hearing said injunction be made perpetual, and that the cloud cast upon plaintiff's water rights, permits, canals, ditches, and lands by defendants' aforesaid acts be removed, and that plaintiff's title to said water rights, permits, canals, ditches, and lands be quiet-ed, and that it have judgment for general relief and for costs of suit."

Since the fiat of the judge merely ordered the writ to issue "in all things as prayed for in such petition," it is apparent that the appellee only sought—as well as got—such mandatory release only as affected the ordinary flow of the Colorado river; not only is this the gist of the petition, the quoted prayer, and the fiat of the judge, but in open court here, on the hearing of the appeal on August 2, 1937, the appellee's counsel upon its side frankly admitted that it neither had nor set up any claims to any water other than that of and from the ordinary flow of the river, whereas, on the other hand, the appellant Authority, through its counsel, disclaimed any interest in or having in storage in such reservoir any other than such water as it had months before this writ was served upon it collected from the storm and flood waters of the Colorado river alone; the appeal having been heard in this court on the pleadings and arguments of counsel for both sides, and upon the petition for the writ below, together with the fiat appended thereto, this court, immediately following the presentation thereof, entered its judgment reversing the trial judge's action and dissolving the temporary injunction, in the main upon these considerations:

■ 1. In the circumstances existing, the issuance of so drastic and mandatory a writ against the alter ego of the state itself as to that governmental function, without notice to and opportunity on the part of the appellant Authority to be heard, was improvident; this not being one of the very rare instances in which that action was permissible. Smith v. State (Tex.Civ.App.) 103 S.W.(2d) 805, at page 806, and cited authorities.

■ 2. The petition of the appellee for so extraordinary a visitation was clearly insufficient to support the mandatory relief accorded it, among other deficiencies, in that it failed to negative "every reasonable inference arising upon the facts so stated, from which it might be deduced that he might not, under other supposable facts connected with the subject, thus be entitled to relief." Smith v. State, supra.

For instance, there is nowhere any allegation as to what the normal or ordinary flow of the river into the reservoir behind the dam was, whereby that material fact could be ascertained; further, there are no other than conclusions of the pleader as to

what would be the normal flow of the water past the appellee's diversion points therefor down in Matagorda and Wharton counties to support its general averment that the ordinary flow there would furnish it the water it claimed to be necessary for its purposes; further, there is no support— by any such specification—of its further general allegations that the appellant was now and had been during the accumulation of the water it held impounded behind the dam interfering with the normal flow of the river, in that it charges appellant with permitting the flow of 625 cubic feet of water per second into the river past the dam, but nowhere shows that such flow did not constitute its normal discharge at this time, or at any prior time.

■ 3. The petition on its face—as well as the pleadings and argument thereunder on this appeal—indisputably show that the temporary injunction so sought and obtained was essentially the sole objective of the suit, wherefore the whole controversy should not have been so peremptorily and mandatorily disposed of. 24 Tex.Jur. par. 99, p. 140, and cases cited.

■ 4. The appellant being such an arm of the state, in the exercise of a governmental function, and so in possession of the water impounded behind that dam, with at least the color of title thereto under the cited constitutional and statutory provisions, it was the bounden duty of the appellee to have at first applied to the trial court for a hearing on the facts, after notice to this public authority, before seeking the issuance of a temporary injunction so mandatory in character, rather than that of appellant to move for a dissolution thereof below before appealing; which it could not force to a hearing for ten days. R.S. art. 4658; Smith v. State, supra, paragraphs 1 and 2; and cited authorities.

■ 5. At most, under its own case as stated and prayed for, the appellee was entitled to no more than protection against interference with the ordinary flow of the river, and it has not shown that such right was either being denied or threatened by the appellant; especially does this become apparent, when the appellant appears in this court, and, under oath, pleads that it never had prior thereto, nor was at the time this writ was served upon it, in any way interfering with the ordinary flow of the Colorado river past its dam, but that in fact it was then constantly releasing to the appellee nearly three times such ordinary or normal flow thereof, and was thereby really contributing to it a large quantity of the water that had been stored in the reservoir from the river's flood-waters only, many months prior thereto; further, that compliance on its part with the restraint so ordered against it would not only seriously cripple it in the discharge of its public functions under the law, but would also endanger the health of many people and animals dependent upon its being able to maintain its supply of stored water unimpaired to such a serious extent.

6. This court deems it unnecessary, in such an interlocutory proceeding as this, to go into the structural issue that appears to underlie it as to which one of the parties really has title to these impounded waters, hence that is not done; it is thought to be enough for the purposes of this appeal to point out that, in its opinion, the appellee has not shown itself entitled, under the well-settled principles of equity, to the writ awarded.

It follows from these conclusions that the trial court's order should be reversed and the temporary injunction dissolved; it will be so ordered.

Reversed, and temporary injunction dissolved.