THE ATTORNEY GENERAL
OF TEXAS



GERALD C. MANN

XXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-2037
Re: Liability of property owned by the
Lower Colorado River Authority to State
and county ad valorem taxes.

Under date of March 4, 1940, you submit for the opinion of this
Department the following question:

"The Lower Colorado River Authority purchased from the Texas Power and
Light Company certain real estate and power lines in Colorado County on
which ad valorem taxes had been previously levied and collected. Is
this property now subject to ad valorem taxes under the new ownership?"

No question is presented here as to the vesting of title in the
Lower Colorado River Authority to certain real estate and power lines in
Colorado County by virtue of its purchase of same from the Texas Power &
Light Company, or of taxation thereof while owned by grantor, but the only
question before this Department is whether such real estate becomes ex-
empt from State and county ad valorem taxation in the hands of Authority,
under controlling constitutional and statutory provisions.

Article 8, Section 2, Constitution of Texas, provides that "the
Legislature may, by general laws, exempt from taxation public property
used for public purposes." Article 7150, Vernon's Annotated Civil Statutes,
provides certain exemptions from taxation, among them "all property,
whether real or personal, belonging exclusively to this State, or any
political subdivision thereon, . . ." (Section 4).

We now turn to pertinent constitutional and statutory provisions
to ascertain if the Lower Colorado River Authority is "a political subdi-
vision" of the State, within the tax exemption afforded by Article 7150,
Vernon's Annotated Civil Statutes, so as to constitute the real estate in
question "public property used for purlib purposes," within the intend-
ment of Article 8, Section 2, Constitution of Texas.

The Lower Colorado River Authority is a body politic and corporate
created under Article 16, Section 59a, Constitution of Texas, and the
Enabling Act of the Legislature pursuant thereto, appearing as Chapter 7,
Acts of the 4th Called Session, 43rd Legislature (Vernon's Annotated Civil
Statutes, Article 8194 note). This amendment, known as the "Conservation
Amendment" provides for the creation of conservation and reclamation dis-
tricts as follows:

"Sec. 59a. The conservation and development of all of the natural resources of this State, including the control, storing, preservation and distribution of its storm and flood waters, the waters of its rivers and streams, for irrigation, power and all other useful purposes, the reclamation and irrigation of its arid, semi-arid and other lands needing irrigation, the reclamation and drainage of its over-flowed lands and other lands needing drainage, the conservation and development of its forests, water and hydro-electric power, the navigation of its inland and coastal waters, and the preservation and conservation of all such natural resources of the State are each and all hereby declared public rights and duties;and thelegislature shall pass all such laws as may be appropriate thereto.

"(b) There may be created within the State of Texas, or the State may be divided into such number of conservation and reclamation districts as may be determined to be essential to the accomplishment of the purposes of this amendment to the constitution, which distficts shall be governmental agencies and bodies politic and corporate with such powers of government and with the authority to exercise such rights, privileges and functions concerning the subject matter of this amendment as may be conferred by law." (Underscoring ours)

The above Act, creating the Lower Colorado River Authority, declares, in Section 1 thereof, the nature and purposes of the Authority to be as follows:

"Sec. 1. There is hereby created within the State of Texas, in addition to the districts into which the State has heretofore been divided, a conservation and reclamation district to be known as 'Lower Colorado River Authority' (hereinafter called the District) and consisting of that part of the State of Texas which is included within the boundaries of the counties of Blanco, Burnet, Llano, Travis, Bastrop, Fayette, Colorado, Wharton, San Saba, and Matagorda. Such District shall be and is hereby declared to be a governmental agency and body politic and corporate, with the powers of government and with the authority to exercise the rights, privileges and functions hereinafter specified, and the creation of such district is hereby determined to be essential to the accomplishment of the purposes of Section 59 of Article 16 of the Constitution of the State of Texas, . . .(Underscoring ours)

and with reference to real estate required, owned and held by the Authority, subdivisions (e), (f), and (g) of Section 2 of the Act provide, respectively, as follows:

(e) to acquire by purchase, lease, gift, or in any other manner (otherwise than by condemnation) and to maintain, use and operate any and all property of any kind, real, personal or mixed, or any interest therein, within or without the boundaries of the District, necessary or convenient to the exercise of the powers, rights, privileges and functions conferred upon it by this Act;

"(f) to acquire by condemnation any and all property of any kind, real, personal or mixed, or any interest therein, within or without the boundaries of

the District (other than such property or any interest therein without the boundaries of the District as may at the time be owned by any body politic) necessary or convenient to the exercise of the powers, rights, privileges and functions conferred upon it by this Act, in the manner provided by General Law with respect to condemnation or, at the option of the District, in the manner provided by the statutes relative to condemnation by Districts organized under General Law pursuant to Section 59 of Article 16 of the Constitution of the State of Texas;

"(g) Subject to the provisions of this Act from time to time sell or otherwise dispose of any property of any kind, real, personal or mixed, or any interest therein, which shall not be necessary to the carrying on of the business of the District;"

We think the language of the late Judge Fly for the San Antonio Court of Civil Appeals, in the case of Bexar-Medina-Atascosa Counties Water Improvement District No. 1 vs. State, 21 S.W. (2d) 747, is conclusive of the instant questions. The Court said:

"The only issue in this cause is: Has Medina county the power and authority to assess and collect taxes, state and county, on the dams, reservoirs, canals, ditches, and other property necessary for the conservation and distribution of waters in the District?

"It is provided by article 8, § 2, of the Constitution of Texas, that the Legislature may by general laws exempt from taxation public property used for public purposes, and in pursuance of that authority enacted Rev. St. 1925, Art. 7150, in section 4, of which it is provided: 'all property, whether real or personal, belonging exclusively to this State, or any political subdivision thereof,' shall be exempt from taxation. The very statutory requirements for the creation and formation of water improvement districts would seem to stamp them as politicial subdivisions of the state. All the machinery used to form them is through agencies of the state, the county judge, the commissioners' court, the election instrumentalities, the district court to establish the validity of the issuance of bonds, the powers of taxation, restricting the use of such taxation to discharge the principal and interest of the bonds, the election of directors, all these are governmental powers provided for in detail by law. The district is not an ordinary corporation organized for purposes of gain to its members, but is a public agency, using the money raised by taxation to advance the interests of the landowners within its jurisdiction. It is a political corporation or division of the state which has principally for its object the administration of the government, or to which the powers of government, or a part of such powers, have been delegated."

The analogy between the Lower Colorado River Authority, as a conservation and reclamation district, and the wter improvement district involved in the above case, in regard to this tat exemption question, is established by our Supreme Court in the case of Lower Colorado River Authority vs. McGraw, 83 S.W. (2d) 629, wherein the court stated that said

Authority "was created a conservation and reclamation district, and as a governmental agency and body politic and corporate, under and by virtue of Chapter 7, Acts 4th Called Session, 43rd Legislature, (Vernon's Annotated Civil Statutes, Article 8194 note)." Again, in the case of Lower Colorado River Authority, et al vs. Gulf Cost Water Company, 107 S.W. (2d) 1101, the Galveston Court of Civil Appeals, aptly descrived said Authority as the "alter ego of the State itself," and, with reference to the improvidence of an injunction suit against it, state:

"The appellant being such <u>an arm of the state</u>, <u>in the exercise of a governmental function</u>, and so <u>in possession of the water impounded behind that dam</u>, with at least the color of title thereto under the cited constitutional and statutory provisions, it was the bounden duty of the appellee to have at first applied to the trial court for a hearing on the facts, after notice to this <u>public authority</u>, before seeking the issuance of a temporary injunction so <u>mandatory in character</u>, rather than that of appellant to move for a dissolution thereof before appealing; . . ."

In the light of the foregoing constitutional and statutory provisions and the opinions of our courts construing same, the conclusion is inescapable that the Lower Colorado River Authority is a "political subdivision" of the State of Texas within the quoted tax exemption statute, and property belonging exclusively to it is "public property used for public purposes" and consequently exempt from State and county ad valorem taxation.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By
/s/ Pat M. Neff, Jr.

Pat M. Neff, Jr.
Assistant

PMN:N:egw

APPROVED MAR 28, 1940
/s/ GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

APPROVED
Opinion Committee
By B W B
Chairman