### HOLMAN v. HOLMAN.

### No. 2522.

Court of Civil Appeals of Texas. Eastland.

July 14, 1945.

L. D. Hawkins, of Breckenridge, for appellant.

L. H. Welch, of Breckenridge, for appellee.

LONG, Justice.

This is an appeal from an interlocutory order of the judge of the court below appointing a receiver and granting a temporary injunction on an ex parte hearing without notice to appellant. The receiver was authorized by order of the court to take possession of a Plymouth automobile alleged by the appellee to be her separate property and found by the court in the judgment to be the community property of appellant and appellee, and the temporary injunction enjoined the appellant from in any way interfering with said automobile or from hindering or molesting the receiver in any way from acting as such, and from disposing of such property, except the transferring and turning over of the same to the receiver subject to the orders of the court. The temporary injunction was granted without requiring the appellee to give bond.

We believe this does not meet the requirement of the law, and that a bond should be given before the issuance of a temporary injunction. Rule 684, Texas R.C.P.; Ex parte Coward, 110 Tex. 587, 222 S.W. 531. We are further of the opinion that the temporary injunction should not have been granted without notice and a hearing had thereon. Under our law and rules of procedure, a temporary restraining order may be granted without notice to maintain the status quo of the parties. However, a hearing should be had thereon not later than 10 days after the issuance of such order after due notice to the defendant. Rules 680 and 681, R.C.P.; Bargaimes v. Coke, Tex.Civ.App., 86 S.W.2d 653; Honea v. Graham, Tex. Civ.App., 66 S.W.2d 802; Smith v. State, Tex.Civ.App., 103 S.W.2d 805.

It appears from the record that appellant Leon Holman and the appellee Onata R. Holman are husband and wife. That on the 15th day of May, 1945, the appellant instituted a suit for divorce against his wife in the District Court of Stephens County, in which suit he made no mention of the automobile involved in this case. Thereafter, on May 24, 1945, appellee Onata R. Holman brought this suit against appellant, alleging that the Plymouth automobile involved was her separate property, and that her husband had taken possession of the same by force and converted it to his own use and benefit and had prevented appellee from obtaining possession of her property. She further alleged her husband was not qualified to prosecute a divorce suit in the State of Texas, and was not entitled to the relief prayed for therein, and that appellee could not obtain the relief she was entitled to receive under the law in such divorce suit. She further alleges, in substance, that her husband is threatening to remove the automobile from the State of Texas, beyond the jurisdiction of the court, and that he is insolvent and has no property out of which she might recover her damages and losses.

Appellant contends in his brief that the allegations in appellee's petition are insufficient to authorize the court to appoint a receiver without notice and hearing, and, further, that an injunction would have protected the rights of appellee. We are inclined to believe this position of appellant is correct. Taking this view of the situation, we believe the appointment of a receiver under the circumstances was improper. Star v. Everett, Tex.Civ.App., 55 S.W.2d 164; City Nat. Bank v. Pigg, Tex. Civ.App., 63 S.W.2d 327; Zanes v. Lyons, Tex.Civ.App., 36 S.W.2d 544.

The petition for the appointment of a receiver and the temporary injunction was verified by counsel for appellee upon information and belief. We believe that such verification is insufficient, and that

the appointment of a receiver and the granting of a temporary injunction cannot be based upon such petition thus verified. Lyons v. Conway, Tex.Civ.App., 63 S.W.2d 317; Goodson v. Gilmer Oil & Refining Co., Tex.Civ.App., 76 S.W.2d 541; Wilson v. State, Tex.Civ.App., 59 S.W.2d 303; Tindall v. Tindall, Tex.Civ.App., 129 S.W.2d 1209.

Appellant further contends that the pending divorce suit is the only suit in which the property rights of the parties can be properly litigated. It is true that the court in a divorce action has the right to issue injunctions, appoint receivers and enter such other orders as may be necessary to protect the property rights of the parties in such suits. Article 4636, R.C.S. Without passing directly upon this point, we can see no reason why appellee in this case could not obtain all necessary relief in the pending divorce suit. Or, on the other hand, this case before us could be consolidated with the divorce suit, thus saving the time and expense of two separate trials.

From what has been said it necessarily follows that the receivership is vacated and the temporary injunction is dissolved without prejudice to appellee's rights to again seek the same relief. Reversed, receivership vacated, and temporary injunction dissolved.